153 So.2d 497 (1963)
Shelley STEWART and Millie Stewart
v.
David C. WOOD and Norfolk and Dedham Mutual Fire Insurance Company.
No. 5840.
Court of Appeal of Louisiana, First Circuit.
May 3, 1963.
Rehearing Denied June 3, 1963.
Talley, Anthony, Hughes & Knight, by Charles M. Hughes, Bogalusa, for appellant.
Richardson & Gallaspy by John N. Gallaspy, Bogalusa, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
Defendant, David C. Wood, appealed devolutively, and Norfolk and Dedham Mutual Fire Insurance Company appealed suspensively from a judgment against them in favor of plaintiffs, Shelley Stewart and Millie Stewart, awarding each plaintiff the sum of $2,500 as damages for the loss of their son, Troy Stewart, by accidental death. Each Plaintiff answered the appeals and prayed for an increase to $12,850, provided the Court assessed such increased amounts directly against the insurer defendant.
This case was consolidated for argument in this Court with that of John Tate v. Norfolk and Dedham Mutual Fire Insurance Company. For the reasons set forth in such case, we are of the opinion Troy Stewart's death resulted from the negligence of defendant, David C. Wood, insured by Norfolk and Dedham Mutual Fire Insurance Company. Tate v. Norfolk and Dedham Mutual Fire Insurance Company, 153 So.2d 495.
QUANTUM:
Admittedly the award to each of the Plaintiffs of $2,500 for the loss of their son is insufficient.
Plaintiffs' answers to the appeals are predicated upon the contention Plaintiffs made efforts to compromise their claims for the death of their son prior to the trial of the suit for less than the coverage of $5,000 provided by Defendant Insurance Company but the company refused to effect a compromise with Plaintiffs and thus subjected defendant Wood to the possibility of *498 an excessive award against him. Therefore, such action was arbitrary and unwarranted and, accordingly, the awards in favor of Plaintiffs should be increased.
From our review of the evidence in the case, though we hold the sole proximate cause of the death of Troy Stewart to have resulted from the negligence of Mr. Wood, serious issues of contributory negligence on the part of the two young bicyclists were presented and, with merit, a question was raised as to the negligence vel non of Mr. Wood. In such circumstances, we are of the opinion the failure on the part of the insurance company to compromise the claims within the limitations of the policy cannot be categorized as arbitrary.
As Plaintiffs' answers to the appeals seeking increases are predicated upon this Court holding the Defendant Insurance Company liable in solido with Mr. Wood for the prayed for increases and Plaintiffs do not seek increases in awards against David C. Wood individually, the judgment is affirmed.
Affirmed.