223 So.2d 858

**Francis RICHARD et al.**

**v.**

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al.**

**No. 49475.**

June 9, 1969.

Rehearing Denied June 27, 1969.

Andrus & Pavy, Opelousas, for plaintiff-appellant-applicant.

Davidson, Meaux, Onebane & Donohoe, Richard C. Meaux, Lafayette, for respondent.

McCALEB, Justice.

Limited certiorari was granted herein to consider the correctness of the holding of the Court of Appeal, Third Circuit, that "Where there are multiple claims arising out of one accident, the liability insurer, in good faith, may enter into reasonable compromise settlements with and may pay some of the claimants, even though such payments may reduce or completely exhaust the insurance fund originally available to pay all claims, so that the remaining claimants have little or no recourse against the insurer." 212 So.2d 471, 480.

The facts surrounding this automobile accident and the suits which followed are fully detailed in the Court of Appeal opinion. Those facts essential to our determination of the issue presented herein are as follows:

On August 18, 1965, a car owned by Ernest Richard and driven by his wife, Mrs. Felicia Arnaud Richard, was struck by a car driven by Richard H. Boehmer, who received personal injuries in the collision. The Boehmer car was insured by American Insurance Company and the

Richard car was insured by Southern Farm. Bureau Casualty Insurance Company. Mrs. Richard had as guest passengers Sandra Ann Zeringue (a minor) and Earline Richard, the minor daughter of Mrs. Richard, both of whom sustained injuries in the accident.

On July 5, 1966 this suit was filed by Francis Richard, the undertutor of the minor Earline,[1] and in the alternative by Ernest Richard, her father, against Southern Farm Bureau Casualty Ins. Co., Richard H. Boehmer, C. H. Boehmer Sales Agency and its insurer, American Insurance Company, claiming damages in the sum of $21,362.69 for which judgment, in solido, is sought against the named defendants. Since all defendants except Southern Farm have been exonerated from liability, both in the district court and the Court of Appeal, and the writ is of a limited nature, we are only concerned with that portion of the original suit which seeks an additional award against Southern Farm.

Southern Farm, after denying negligence on the part of Mrs. Richard, alleged in its answer that the limits of liability under its policy are $5,000 for injury to or death of any one person as the result of any one accident, and $10,000 for injury to any two or more persons as a result of any one accident. It further pleaded that pur-

---

1. She is now Earline Richard Robin and, having been emancipated by marriage, has been substituted as party plaintiff in the case.

suant to the provisions of this policy of insurance, which permitted the settlement of any claim or suit as Southern Farm deemed expedient, it compromised the claims of Sandra Zeringue and her father, Euel Zeringue, for the sum of $2,682, and the claim of Richard Boehmer for his personal injuries, as well as the claim of Boehmer's employer and its workmen's compensation carrier, for the sum of $3,545.39. It averred that these settlements were made in good faith and, therefore, the limits of its liability policy of insurance have been reduced to $3,772.61.

The trial judge found that the sole proximate cause of the accident was the negligence of Mrs. Felicia Arnaud Richard and that Boehmer was free from fault. He further concluded that the settlements made by Southern Farm with Boehmer and Sandra Zeringue and her father were in good faith and reasonable and, therefore, Southern Farm was entitled to deduct these sums from the total insurance fund available. Accordingly, judgment was rendered in favor of plaintiff for the sum of $3,-772.61. The judge stated, however, in his reasons for judgment that a review of the injuries and disability sustained by Earline Richard Robin indicates that she ordinarily would be entitled to an award of $5,500 or more.

Plaintiff and Southern Farm appealed to the Court of Appeal where the judgment was affirmed. See 212 So.2d 471. Upon application of plaintiff[2] we granted certiorari restricted to a consideration of Assignment of Error No. 1 dealing with the limiting of the award to the sum available under Southern Farm's policy after payment of the compromise settlements.

The primary contention of plaintiff is that under the Louisiana Direct Action Statute, R.S. 22:655, and the decisions in West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, and Futch v. Fidelity & Casualty Company, 246 La. 688, 166 So.2d 274, the insurer herein became unconditionally bound to plaintiff for a certain proportionate amount of the proceeds of the policy upon the happening of the accident and that this right could not be lost or diminished, except by the action of the claimant herself. It is argued that the right of an injured party to recover damages against the insurer of the tortfeasor under the Direct Action Statute is substantive and so unconditional that it cannot be affected in any way by the action of the insurer, the insured or anyone other than the claimant; that the test of "reasonableness" of the settlements with other injured parties is in effect no test at all and cannot be used for the purpose of re-

2. Plaintiff's father and under-tutor, who were originally parties, joined in the application but, as Earline Richard Robin has been substituted as party plaintiff, they are no longer before the Court.

ducing the liability of the insurer, and that the claimant, therefore, is entitled to recover the policy limit of $5,000, applicable to injuries to one person as the result of a single accident.

The Court of Appeal rejected plaintiff's contention reasoning that the policy of the law of Louisiana is to favor compromise and settlement of disputes and that, since the settlements herein were made in good faith and are reasonable, it would follow the general rule as stated in 29A Am.Jur., Insurance, Section 1589, that " * * * a liability insurer can settle with some claimants although to do so may exhaust the insurance fund or so deplete it that a subsequent judgment creditor is unable to collect his judgment in full from the remaining proceeds." See also 8 Appleman, Insurance Law and Practice, Section 4892; 8 Blashfield Automobile Law and Practice, Section 343.8; 70 A.L.R.2d 416, 423, Section 5.

In the Court of Appeal, counsel for plaintiff urged that the insurer should have instituted an interpleader or concursus proceeding where, as here, there are multiple claimants whose demands may exceed the limits of liability under the policy. Counsel has made the same contention in this Court but, in a supplemental brief filed here, it is conceded that there is a "dilemma" presented because the provisions of Article 4652 C.C.P. prohibit a casualty insurer from invoking concursus proceedings unless it admits liability for the full amount of the insurance coverage and deposits such amount in the registry of the court.[3] In this brief counsel proclaim that, since the compromises made by the insurer were highly prejudicial to the substantive rights of plaintiff to secure her just proportion of the insurance fund, plaintiff is entitled to the relief she now seeks (judgment for $5,000), and it is suggested that, perhaps, the insurer could have employed the declaratory judgment procedure in order to preserve plaintiff's vested rights under R.S. 22:655 and the decisions in the West and Futch cases.

■ This argument is not tenable for a number of reasons. Initially, it is unsound because it is based on the premise that plaintiff was entitled to a proportion-

3. Article 4652 provides: "Persons having competing or conflicting claims may be impleaded in a concursus proceeding even though the person against whom the claims are asserted denies liability in whole or in part to any or all of the claimants, and whether or not their claims, or the titles on which the claims depend, have a common origin, or are identical or independent of each other.

"No claimant may be impleaded in a concursus proceeding whose claim has been prosecuted to judgment. No person claiming damages for wrongful death or for physical injuries may be impleaded in a concursus proceeding, except by a casualty insurer which admits liability for the full amount of the insurance coverage, and has deposited this sum into the registry of the court."

ate share of the insurance proceeds because the law accorded her a direct action against the insurer. While it is true, of course, that the law states "* * * that all liability policies within their terms and limits are executed for the benefit of all injured persons, * * * to whom the insured is liable * * *", liability does not attach until the negligence of the insured is either admitted or decreed in an action for damages. And, surely, the Direct Action Statute does not, as plaintiff's counsel contend, grant, ipso facto, to any one of several persons injured in an accident a fixed proportional share in the proceeds which become available after liability of the insured tortfeasor is established.

■■ The Court of Appeal in its well considered opinion readily recognizes that in a case like this, where there are multiple claims arising out of an accident, the liability insurer, in entering compromise settlements pursuant to the right accorded it under the provisions of the policy, may exhaust the entire fund and thus one or more of the injured parties may find that they have little or no recourse against such insurer. But the court correctly found that it should, nevertheless, follow the general rule when, as here, the settlements are made in good faith and are reasonable. For compromises are favored under the law and, by making such settlements, the amount for which the insured

tortfeasor may be held liable is ultimately reduced where the policy limits are insufficient to cover the total damages, and this is in keeping with the responsibility of the insurer to its insured under the law. New Orleans & C. R. Co. v. Maryland Casualty Co., 114 La. 153, 38 So. 89, 6 L.R.A.,N.S., 562; Davis v. Maryland Casualty Co., 16 La.App. 253, 133 So. 769; Stewart v. Wood, La.App., 153 So.2d 497; Wooten v. Central Mutual Ins. Co., La. App., 166 So.2d 747; Younger v. Lumbermens Mutual Casualty Company, La.App., 174 So.2d 672 (cert. denied); and Roberie v. Southern Farm Bureau Casualty Ins. Co., 250 La. 105, 194 So.2d 713.

■ Moreover, since a concursus proceeding is not available to the insurer unless it admits liability to the injured persons (which it is not required to do), there is no sure procedural vehicle available by which the insurer might cite all of the injured persons and have its rights determined in one proceeding. It is far from certain that the declaratory judgment procedure would accomplish such a result even though the insurer might be willing to bring such an action naming all of the potential plaintiffs as defendants because, if any one of those of the parties has filed suit for damages prior to the bringing of the declaratory action, the court would be bound to reject declaratory relief. See Burton v. Lester, 227 La. 347, 79 So.2d 333; Theodos v. Bossier City, 232 La. 1059,

95 So.2d 825; and Transamerica Ins. Co. v. Whitney National Bank, 251 La. 800, 206 So.2d 500 and authorities there cited.[4] Indeed, we know of no reason to require an insurer to activate a tort suit against itself, particularly where it is able to amicably settle some or all claims out of court.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.

SANDERS, J., concurs in the result.

---

4. Counsel for plaintiff acknowledge this in their brief. They say, "We are not sure, but perhaps a solution of sorts can be developed by use of the Declaratory Judgment Act. * * * To effectively employ the declaratory judgment procedure in this manner, the insurer would have to file it before any separate suits are filed by the claimants in order to stay those suits by the exception of lis pendens."