232 So.2d 206 (1970)
David W. HARMON, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Corporation, and Spencer Bokor, Appellees.
No. 69-85.
District Court of Appeal of Florida, Second District.
February 13, 1970.
Rehearing Denied March 26, 1970.
Bucklew, Ramsey & Stichter, Tampa, for appellant.
E. Robert Miller, Jr., of Miller & McKendree, Tampa, Luke R. Kaleel, St. Petersburg, and L. David Shear of Brown, Dixon & Shear, Tampa, for appellees.
HOBSON, Chief Judge.
The lower court dismissed plaintiff-appellant's amended complaint for declaratory judgment arising out of an accident with an uninsured motorist. The amended complaint sought to establish the coverage and liability of the appellee insurance company under the uninsured motorist provisions of its insurance policy.
Appellee Spencer Bokor owned a certain automobile which was insured by the appellee insurance company. The policy contained, under Insuring Agreement III, uninsured automobile coverage. On January 9, 1968, the automobile was being driven by Bokor's minor son, Michael Bokor, with appellant's minor son, Mylo Wayne Harmon, riding as a guest passenger. Appellant's amended complaint alleged that one Ralph George Martin carelessly and *207 negligently operated his vehicle and collided with the automobile operated by Michael Bokor, in which the son of the appellant was riding as a passenger. As a result of the accident, appellant's son was killed. The amended complaint further alleged that Ralph George Martin was uninsured and therefore was an uninsured motorist within the terms of the policy.
Appellant received payment of the full policy limits from his insurance company under the uninsured motorist coverage of his policy. However, that amount was insufficient to compensate him for his damages resulting from the death of his son. Appellant then made a demand for payment from State Farm under the terms of appellee Bokor's policy. Appellant's son was an insured under that policy by virtue of the Definitions section of Insuring Agreement III:
"Insured  The unqualified word `insured' means (2) any other person while occupying an insured automobile;"
State Farm advised the attorney for appellant that it had already paid out to other insureds the total of its liability, or $20,000. In effect, State Farm denied the claim.
The question this case presents appears to be one of first impression, and was framed as follows by the trial judge in his order dismissing appellant's amended complaint:
"Whether an insurance company may settle with two insureds in the full amount of the policy limits, thereby exhausting the limits of the policy to the exclusion of another insured under the uninsured motorist provisions of said policy."
Appellant contends that he is in a much different position as an insured under the policy than a third-party claimant against a liability insurer. As an insured, appellant contends that State Farm owes him a duty not to settle with other insureds, thereby exhausting its policy limits and excluding him without his knowledge or consent. Where the insurance company does so, appellant urges that such payments should be viewed merely as voluntary contributions to the other insureds, not to be charged against the policy limits, and not to affect his rights and remedies in any way. Although this argument is appealing, after careful consideration of this case, we must disagree with appellant.
Section 627.0851(1) of the Florida Statutes, F.S.A., provides that policies of automobile liability insurance must include "protection of persons * * * who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom;" unless affirmatively rejected. This statute embodied the public policy of the state that every insured, as defined in the insurance policy, could recover under the policy for damages he would have been able to recover from the wrongdoing motorist, had that motorist maintained a policy of liability insurance. Travelers Indemnity Co. v. Powell, 206 So.2d 244, 246 (Fla.App. 1968). See also Tuggle v. Government Employees Ins. Co., 207 So.2d 674, 675 (Fla. 1968); Davis v. United States Fidelity & Guaranty Company, 172 So.2d 485, 486 (Fla.App. 1965).
This statute was enacted to place an insured under a policy of automobile liability insurance, who is injured as a result of the wrongdoing of an uninsured motorist, in the same position as if that uninsured motorist had maintained a policy of liability insurance with the minimum limits specified in § 324.021(7) of the Florida Statutes, F.S.A. Therefore, it appears that we should look at the claim of such an insured in the same manner as if it were a claim against a liability insurer of the person who caused the accident (the uninsured motorist).
It is generally held that where multiple claims arise out of one accident, the liability insurer has the right to enter reasonable settlements with some of those *208 claimants, regardless of whether the settlements deplete or even exhaust the policy limits to the extent that one or more claimants are left without recourse against the insurance company. See Richard v. Southern Farm Bureau Casualty Ins. Co., 254 La. 429, 223 So.2d 858, 861 (1969); Bennett v. Conrady, 180 Kan. 485, 305 P.2d 823, 828 (1957); 46 C.J.S. Insurance § 1191c(9) (1946). The court in Liquori v. Allstate Ins. Co., 76 N.J. Super. 204, 184 A.2d 12 (1962) stated:
"Whether multiple claims are to be treated one at a time or collected and evaluated together, is a choice solely within the discretion of the insurer." (184 A.2d at 17)
In the case sub judice, if appellant were making a claim against a liability insurer which insured the person responsible for the death of appellant's son, according to the above-cited authorities he could not complain of the situation in which he finds himself. Florida's uninsured motorist statute was passed to place insureds who are injured by uninsured motorists in the same position as if those motorists had been insured. Appellant asks us to place him in a preferential position or make him better off than if the uninsured motorist had maintained liability insurance. This was not the intent of the legislature. See Chandler v. Government Employees Ins. Co., 342 F.2d 420, 421 (5th Cir.1965); Maryland Casualty Co. v. Howe, 213 A.2d 420, 422 (N.H. 1965).
Although we appreciate appellant's distinction between claims of insureds under insurance policies and mere third-party claims against liability insurers, we feel that to impose a duty upon insurers to ascertain all claimants under their uninsured motorist coverages before settling with any, and to require them to settle such claims at their peril is contrary to the policy of encouraging compromises and speedy settlements, and would do more harm than good.[1] If such a duty is to be imposed under the uninsured motorist statute, it must be done by the legislature.[2]
The order appealed is therefore,
Affirmed.
LILES and McNULTY, JJ., concur.
NOTES
[1] See, Keeton, "Preferential Settlement of Liability-Insurance Claims," 70 Harvard L.Rev. 27, 46-51 (1956). Contra, 43 Yale L.J. 136, 139 (1933).
[2] For a legislative proposal with reference to third-party claims against liability insurers, see Note, 11 N.Y.U.L.Q.Rev. 447, 451 (1934).