PRICE, Judge.
This is a suit by the operator of a service station for property damages resulting from an intersectional collision of an automobile and petroleum transport truck. James Holtzclaw was the lessee of an Exxon station located on the southwest corner of the intersection of Louisiana Highways 7 and 160 in Cotton Valley. Traffic at this intersection is controlled by a stop sign and overhead electric signals flashing red, or stop, for traffic approaching on Highway 160, and amber, or caution, for traffic on Highway 7. At approximately 8 a.m. on March 16, 1974, a petroleum transport owned by Falco, Inc., and driven by Doyle Millican, was approaching the intersection in a southerly direction on Highway 7 when a Ford Pinto, driven by Garland Oiler and heading west on Highway 160, attempted to cross the intersection. The Oiler vehicle, which was towing a boat trailer, was struck by the Falco transport causing the truck to leave the highway and do substantial damage to the service station. Hartford Accident and Indemnity Company, the liability insurer of Oiler, notified the known parties who sustained property damage of the $5,000 limits of its policy. On December 10, 1974, some nine months after the accident, Hartford paid the full amount of its coverage to the parties who submitted claims for property damage. (Fireman’s Fund Insurance Company, as insurer of the station building; Exxon, as owner of the gasoline pumps; and Falco, Inc., whose transport trailer was extensively damaged.)
On March 14, 1975, Holtzclaw filed this action seeking $20,000 in alleged damages to his movable property located in the service station building. He contends Oiler and Millican were both guilty of negligence in causing the damage to his property and seeks judgment in solido against both drivers, and Falco as the employer of Millican. Falco’s liability insurer, Commercial Union Insurance Company, and Hartford are also joined as defendants against whom judgment is sought to the extent of their policy limits.
At plaintiff’s request, the case was tried before a jury resulting in a verdict awarding him damages of $4,500 against Oiler and his insurer, Hartford, and rejecting plaintiff’s demand against Millican, Falco, and Commercial Union.
*1269 Plaintiff has appealed contending that the judgment is erroneous because:
1) The defendants, Milliean, Falco, and their insurer, were absolved from negligence or liability.
2) The amount awarded was inadequate.
3) The court erred in interpreting the jury verdict and in refusing to sign a judgment in accord with the jury’s award.
Hartford has appealed contending the jury committed error in failing to recognize its defense that it had previously exhausted its policy limits through good faith compromises of other claims against its insured arising out of the same accident.
Oiler’s negligence is conceded. The sole factual question presented is whether Milli-ean was also guilty of negligence which was a contributing cause of the damage to plaintiff’s property. Plaintiff contends the evidence shows Milliean saw the Oiler automobile proceeding into the intersection at such a distance that Milliean could have avoided the collision. The evidence does not support plaintiff’s position.
Milliean was an experienced truck driver who was familiar with this intersection. He testified as he entered Cotton Valley, he slowed to a speed of 40 m.p.h. as he knew the speed limit was 45 m.p.h. Before reaching the intersection, he down shifted to low fourth gear to provide power to pull his loaded transport over the grade of a swale a short distance north of the intersection. At a distance of around 600 feet, he saw the Oiler car stopping at the intersection. As he continued to decrease his speed, he noticed the Oiler vehicle move several feet into the intersection and suddenly stop. Milliean testified he assumed the driver saw his truck and was allowing him to pass. He further testified Oiler began pulling forward a second time. He contends he turned sharply to the left and applied his brakes in an unsuccessful effort to avoid the Oiler car. The right rear fender of the Oiler car was struck by the front of the Falco Transport.
The testimony of Oiler is irreconcilable with the version of Milliean. Oiler contends that after stopping at the stop sign and looking in both directions, he proceeded to cross the intersection. He denies seeing the truck driven by Milliean or having come to a second stop in the intersection.
Whether Milliean was guilty of negligence which was a cause of the accident by failing to use reasonable care in approaching and entering the intersection is a factual issue and the jury’s resolution of this question should not be disturbed unless it is manifestly erroneous. The evidence supports the conclusion reached by the jury that Milliean was free of negligence.
Plaintiff’s claim for damages falls into two categories — loss of profit and physical damage to equipment and inventory. Plaintiff’s sales tax reports and other records do not support his claim for loss of profits. The jury awarded plaintiff an amount which is substantially equal to his inventory of merchandise and equipment that is alleged to have been damaged. This sum is adequate to compensate plaintiff for any loss he sustained because of the accident.
Plaintiff contends that the trial judge erred by misconstruing the jury’s verdict. The jury rendered a separate verdict against Oiler and Hartford for $4,500. Plaintiff contends the jury intended he be awarded a total of $9,000. We find no merit to this argument. The verdict was in substantial accord with the court’s instructions, and clearly intended to cast Oiler and his insurer, Hartford, liable in solido for the sum of $4,500.
Hartford contends that having previously exhausted the policy limits, judgment should not have been rendered against it. In support of this position it relies on the decision in Richard v. Southern Farm Bureau Casualty Insurance Company, 254 La. 429, 223 So.2d 858 (1969). In affirming the decision of the court of appeal, the Supreme Court held:
The Court of Appeal in its well considered opinion readily recognizes that in a case like this, where there are multiple *1270 claims arising out of an accident, the liability insurer, in entering compromise settlements pursuant to the right accorded it under the provisions of the policy, may exhaust the entire fund and thus one or more of the injured parties may find that they have little or no recourse against such insurer. But the court correctly found that it should, nevertheless, follow the general rule when, as here, the settlements are made in good faith and are reasonable. For compromises are favored under the law and, by making such settlements, the amount for which the insured tortfeasor may be held liable is ultimately reduced where the policy limits are insufficient to cover the total damages, and this is in keeping with the responsibility of the insurer to its insured under the law. Cites omitted.
The Richard case, being the latest expression of the Supreme Court, should be followed if Hartford was in good faith in paying the entire proceeds to Exxon, Fireman’s Fund, and Falco. The insurer is presumed to be in good faith, and the claimant has the burden of proving otherwise. Jack v. Jack, 240 So.2d 435 (La.App.3rd Cir. 1970).
Plaintiff, in this instance, has not shown Hartford was in bad faith. Hartford ascertained through its own investigation that plaintiff was the occupant of the damaged building. It contacted plaintiff, and the other potential claimants by letter on July 3, 1974, and asked them to submit their claims or face a concursus proceeding. All other claimants contacted Hartford and negotiated a settlement which was of substantial benefit to Oiler. Three months later, and nine months after the accident, plaintiff filed this suit which was the first notification to Hartford that a claim was being made against it. Under these circumstances, there is no bad faith shown on the part of Hartford, and the jury was in error in rendering a verdict against this defendant.
The judgment awarding plaintiff damages against Hartford Accident and Indemnity Company is reversed and there is judgment rejecting plaintiff’s demands against Hartford. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to plaintiff.