DOMENGEAUX, Judge.
This suit arose out of an automobile accident which occurred November 16, 1969, between Calvin C. Mire, the tortfeasor (now deceased) and Euna Rougeau Janice, who was severely injured in the accident and subsequently died of those injuries. Louisiana Farm Bureau Mutual Insurance Company, the plaintiff herein, paid $5,000.00 to the heirs of Euna Janice under the medical payments provisions of a liability policy issued to her.
*1312 State Farm Mutual Automobile Insurance Company had issued a liability policy of insurance to Clifford Mire covering the operation of his automobile which was being operated at the time of the accident by his minor son, Calvin, with Clifford’s permission. Plaintiff, being aware of this coverage, informed State Farm of plaintiff’s subrogation rights in regard to the $5,000.00 it had paid to the Janice heirs. State Farm proceeded to pay its entire limit of liability ($10,000.00) to the heirs of Mrs. Janice. Mrs. Janice had incurred $20,000.00 in medical expenses. Clifford Mire paid an additional $11,595.00, and a full release of both State Farm and Clifford Mire was granted.
Plaintiff then brought this action to recover its $5,000.00 under its right of subro-gation, alleging in its petition that its rights had been “ignored” by State Farm. Also made defendants were Clifford Mire, individually and as administrator of the estate of his minor son, Calvin C. Mire, and the succession of Euna Rougeau Janice, through its executor John Ray Rougeau.
On an exception of no cause of action filed by defendant State Farm simultaneously with a motion for summary judgment, the trial court overruled the exception of no cause of action but granted the motion for summary judgment and dismissed plaintiff’s suit. Plaintiff has appealed. We affirm.
The Louisiana Code of Civil Procedure, Articles 966 and 967, the summary judgment provisions, were amended in 1966. The reason for these amendments are given in the official comment immediately following Article 966:
“. . . The amendments of these two articles were adopted to: (1) permit the trial judge to consider answers to interrogatories when deciding the motion for summary judgment; and (2) require the adverse party against whom a motion for summary judgment had been taken to file counter-affidavits, and not permit him to rely on the bare allegations of his pleading.”
Under that Article, a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Thus, Article 967 additionally provides in part:
“. . . When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
Plaintiff alleged in his petition, and suggests in brief that his rights have been “ignored” by defendant in the compromise settlement with the Janice heirs. Defendant cites Richard v. Southern Farm Bureau Casualty Insurance Company, 254 La. 429, 223 So.2d 858 (1969) as the controlling law and the answer to plaintiff’s allegations. We agree. Richard held that:
“. . . Where there are multiple claims arising out of one accident, the liability insurer, in good faith, may enter into reasonable compromise settlements with and may pay some of the claimants, even though such payments may reduce or completely exhaust the insurance fund originally available to pay all claims, so that the remaining claimants have little or no recourse against the insurer . . ”
As suggested in Richard, this is because compromises and settlements are highly favored in the law, and promote judicial efficiency. Also, although concursus proceedings are available, there is no reason to conclude that they are any more equitable than settlements.
We feel that Richard is controlling, and that there are only two prerequisites under the law to the validity of the instant settlement: (1) Was it reasonable? and (2) Was it made in good faith?
*1313 Plaintiff does not question the reasonableness of the settlement, but it does argue in brief that the elements of good faith and reasonableness are subjective elements, the required resolution of which precludes the granting of a motion for summary judgment. We agree this would be true had plaintiff raised those issues through his pleadings and affidavit. However, we feel plaintiff has failed to “set forth specific facts showing that there is a genuine issue for trial.” Code of Civil Procedure Article 967, supra. Although we recognize that our method of pleading does not require exactitude in the wording of an allegation, a mere allegation that plaintiff’s rights have been ignored does not amount to an allegation of bad faith on the part of defendant. Richard, in effect, allows an insurer the option of “ignoring” some claimants (subject to good faith and reasonableness of the settlement). Plaintiff, when confronted with the motion for summary judgment, may not, under the amended article, rest on his laurels. Here, it only presented one supporting affidavit which contained no allegation of bad faith. Therefore we feel the granting of the motion was proper, because plaintiff raised no genuine issues as to material fact. As a matter of law (see Richard, supra) mover is entitled to judgment.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs to be assessed against plaintiff-appellant.

AFFIRMED.