350 So.2d 1247 (1977)
Tyrell J. MANIERI
v.
HORACE MANN MUTUAL INSURANCE COMPANY.
No. 8351.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
William J. O'Hara, III, New Orleans, for plaintiff-appellant.
Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Harvey L. Strayhan, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and BEER, JJ.
*1248 LEMMON, Judge.
This suit by plaintiff against his uninsured motorist insurer involves a car-truck collision in which plaintiff, the driver of the car, was injured and his two passengers were killed. The heirs of the two passengers filed separate suits, and the three cases were consolidated in the trial court.
The two wrongful death suits against defendant, seeking recovery in a direct action under the liability coverage and alternatively seeking recovery as an insured under the uninsured motorist coverage (with limits of $5,000.00 for each person and $10,000.00 for each accident), were compromised for $4,250.00 each. Defendant then offered to pay plaintiff the $1,500.00 remaining under the limits of the uninsured motorist coverage. Plaintiff declined to accept and moved for a summary judgment in the amount of $5,000.00. Defendant also filed a motion for summary judgment, seeking to limit its liability to $1,500.00. Defendant's motion was granted, and plaintiff appealed.
Plaintiff's principal complaint against the limitation of his recovery is that defendant should have prorated the funds and allotted more of the policy limits of its uninsured motorist coverage to his claim.
A liability insurer faced with multiple claims to inadequate proceeds is generally not required to prorate, but may enter into compromise agreements with one or several claimants to the exclusion of others, even to the extent of exhausting the entire fund, as long as the compromises are reasonable and are made in good faith. Richard v. Southern Farm Bureau Cas. Ins. Co., 254 La. 429, 223 So.2d 858 (1969); 70 A.L. R.2d 416 (1960); 15 Couch, Insurance Law § 56.32 (1966).
The reasoning which apparently underlies this general rule is that a liability insurer has an obligation to its insured not to arbitrarily refuse reasonable offers of settlement within policy limits, when its insured faces liability in excess of the policy limits. The insurer, in discharging this obligation in good faith, may exhaust the policy limits to the exclusion of particular claimants, because the liability insurer's foremost obligation is to its insured and not to the claimants.[1]
Liability insurance, however, is not involved in the present case.[2] Therefore, the reasoning stated above arguably does not apply. Here, with the insurer concerned only with uninsured motorist coverage, there was no excess liability confronting the named insured, and all of the claimants qualified as insureds under the policy. A different obligation of the insurer was involved, and perhaps prorata distribution should have been required, at least after all possible claims had been presented and the suits had been consolidated.[3]
We are not required, however, to squarely decide that question. Assuming for argument that proration should have been required, we note that attached to the motions for summary judgment are copies of pleadings in the wrongful death actions, which indicate that widows and minor children were involved in both suits, and a copy of the judgment in plaintiff's federal court action against the truck driver, which judgment awards plaintiff $25,000.00.[4] These facts indicate that plaintiff's insurer *1249 achieved substantial proration of the uninsured motorist proceeds, and plaintiff has filed no countervailing affidavits which would support a contrary conclusion.
Accordingly, we hold that no genuine issue of material fact has been shown and that defendant is entitled as a matter of law to have judgment rendered in favor of plaintiff, limited to $1,500.00 plus court costs and accrued interest. The summary judgment rendered by the trial court is affirmed.
AFFIRMED.
NOTES
[1] If liability insurance is a fund for the protection of injured claimants as well as for protection of the insured against liability, then it is arguable that prorata distribution should be preferred, at least after suits have been filed by all prospective claimants and only one suit or consolidated actions are involved.
[2] Although the insurer was originally faced in the other two suits with claims by the passengers' heirs under liability coverage, there apparently (from the affidavits and other attachments to both motions for summary judgment) was never any question that the truck driver was solely at fault. Furthermore, the petition in this suit alleged, and the answer admitted, that the truck driver was at fault and plaintiff was not.
[3] For a contrary decision see Harmon v. State Farm Mut. Automobile Ins. Co., 232 So.2d 206 (Fla.App.1970).
[4] The federal court found there was no insurance coverage and dismissed the truck driver's alleged insurer.