421 So.2d 416 (1982)
Ernestine TRAINER
v.
AYCOCK WELDING COMPANY, et al.
No. 82 CA 0096.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Robert L. Kleinpeter, Baton Rouge, for plaintiff-appellant, Ernestine Trainer.
Paul Marks, Jr., Baton Rouge, for defendant-appellee, Aycock Welding Co., et al.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This is a suit for damages in tort arising out of an automobile accident which occurred on July 18, 1980. Suit was filed on September 25, 1981. The defendants filed a peremptory exception pleading the one year prescription of La.C.C. art. 3536. The trial court sustained the plea of prescription and dismissed the petition. This devolutive appeal followed.

I. FACTS
The petition alleges the following facts: (1) on July 18, 1980, Ernestine Trainer was operating a 1972 Oldsmobile automobile owned by her in an easterly direction on U.S. Highway 90 near the town of Amelia in Assumption Parish, Louisiana; (2) at that same time and place, Kevin Paul Freeman was operating a 1980 GMC truck owned by Aycock Welding Supply Company, Inc. (Aycock) in the course and scope of his employment in an easterly direction on U.S. Highway 90; and (3) the truck driven by Freeman struck the rear of a 1980 Chevrolet owned and operated by Connie L. Davis and propelled it into the rear of the Trainer vehicle.
After this alleged accident, Trainer employed Albert Lee Abraham, an attorney authorized to practice law in Mississippi but not in Louisiana, on a contingent fee contract basis. Abraham then contacted Dennis Smith, a claims adjuster for Aycock's insurer, Sentry Insurance Company (Sentry), and advised that he represented Trainer and would furnish copies of medical bills and expenses when they were available. In *417 March of 1981, Abraham transmitted to Sentry copies of all medical bills and expenses and special damages that were available. Subsequently, George Rauch commenced handling the claim for Sentry. Rauch and Abraham started settlement negotiations and discussed policy limits and the question of liability. Rauch provided Abraham with copies of all pleadings in a companion case which had been filed. By a letter dated June 23, 1981, Rauch confirmed to Abraham a verbal offer to settle Trainer's claim for $21,721.97. This offer was never accepted. Shortly thereafter, Sentry moved its office from New Orleans to Baton Rouge and Rauch terminated his employment. Abraham attempted to contact Rauch, but was informed in late July or August that he was no longer with Sentry. On September 11, 1981, Abraham wrote to Sentry concerning the claim. By letter dated September 18, 1981, and received on September 21, 1981, Jack Parker, a claims examiner for Sentry, advised Abraham that the claim was prescribed and that "we can do no further negotiations with you." Immediately thereafter Abraham contacted a Louisiana attorney who filed suit on behalf of Trainer on September 25, 1981.

II. PRESCRIPTION
Generally, tort actions prescribe one year from the date of the offense or quasi-offense. La.C.C. art. 3536. The burden of proof rests upon the party pleading prescription. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). However, where the petition shows on its face that the prescriptive period has run, as in the instant case, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981), writ denied 405 So.2d 533 (La.1981); Andrus v. Patton, 394 So.2d 714 (La.App. 3rd Cir.1981); McEachern v. Raborn, 393 So.2d 231 (La.App. 1st Cir.1980).

III. INTERRUPTION OF PRESCRIPTION
A. ACKNOWLEDGMENT. Trainer contends that the prescriptive period was interrupted because Rauch, on behalf of Sentry, acknowledged Sentry's indebtedness to her. Abraham testified that Rauch told him that "there was no doubt about liability, that his company was liable for the damages and injuries" and that "we should be able to come up with an equitable settlement of it." Abraham further testified that Rauch said that he would submit an offer "due to the fact that there was no liability question." Subsequently, Rauch sent the letter of June 23, 1981, making the offer to settle in the sum of $21,721.97, and stated in the letter that "(W)e await your counter-offer."
Rauch in his testimony said that he was a claims examiner for Sentry Insurance Company in May and June of 1981. He described this claim as "a case that could result in a liability judgment against us and a case to settle." He further described this claim as a "routine, medium-sized claim handled on a routine fashion."
Prescription of an unliquidated claim for damages in tort may be interrupted by the tacit acknowledgment of the debtor. Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La. 1979); Richardson v. Louisiana Farm Bureau Mutual Insurance Company, 393 So.2d 200 (La.App. 1st Cir.1980), writ denied 398 So.2d 529 (La.1981). In the Flowers case, the court determined that the adjuster's discussions with the claimant to try to reach a compromise "did not manifest an intention to admit the company's indebtedness to her." Flowers v. United States Fidelity & Guaranty Company, supra, 381 and 384. In the Richardson case, there was an oral compromise agreement to settle the plaintiff's claim and this court found that there was a tacit acknowledgment of the debt which interrupted prescription.
It has long been the public policy of this state that the compromise of disputes are highly favored and promote judicial efficiency. La.C.C. art. 3071 et seq.; Richard v. Southern Farm Bureau Casualty Insurance Company, 254 La. 429, 223 So.2d 858 (1969); Saunders v. New Orleans Public *418 Service, Incorporated, 387 So.2d 603 (La. App. 4th Cir.1980), writ denied 394 So.2d 614 (La.1980); McKowen v. Gulf States Utilities Company, 358 So.2d 675 (La.App. 1st Cir.1978); Louisiana Farm Bureau Mutual Insurance Company v. State Farm Mutual Automobile Insurance Company, 348 So.2d 1311 (La.App. 3rd Cir.1977). Candid and good faith settlement negotiations should be encouraged between the parties to a dispute to implement this policy. If settlement negotiations which do not result in an oral compromise agreement can constitute an acknowledgment of the disputed indebtedness so as to interrupt prescription, then undoubtedly in the future such negotiations will be less candid and less productive. We do not believe that the law should be interpreted to place such a chilling effect on settlement negotiations. The ruling of the trial court that the negotiations between the parties did not result in an acknowledgment is correct.
B. CONTRA NON VALENTEM.
Trainer contends that her attorney was lulled into inaction by a misrepresentation of Rauch on behalf of Sentry making the doctrine of contra non valentem applicable to interrupt prescription. Although La.C.C. art. 3521 provides that prescription runs against all persons unless they are included in some exception established by law, Louisiana jurisprudence has recognized the ancient civilian doctrine of contra non valentem agere nulla currit praescriptio which recognizes four situations where prescription may be interrupted because a plaintiff is unable to exercise his cause of action when it accrues. Corsey v. State, Department of Corrections, 375 So.2d 1319 (La. 1979).
Abraham testified that Rauch told him that there was no need to file suit because the matter could be settled. Both Abraham and Rauch testified that they had no discussions about the statute of limitations for tort in the State of Louisiana. These facts do not show that Rauch committed an act that prevented Trainer from availing herself of her cause of action. The doctrine of contra non valentem is not applicable where a party fails to timely file suit due to lack of knowledge of the applicable prescriptive law. La.C.C. art. 7; Green v. Grain Dealers Mutual Insurance Company, 144 So.2d 685 (La.App. 4th Cir. 1962). There is no duty on the part of an insurance adjuster to advise a claimant of the proper prescriptive period. Pellerin v. Cashway Pharmacy of Franklin, Inc., 396 So.2d 371 (La.App. 1st Cir.1981); Gaspard v. Liberty Mutual Insurance Company, 243 So.2d 839 (La.App. 3rd Cir.1971), writ denied 258 La. 357, 246 So.2d 680 (1971).

IV. CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the peremptory exception pleading prescription is affirmed at appellant's costs.
AFFIRMED.