447 So.2d 1192 (1984)
Johanna Jackson WHITE, et al.
v.
Russell MILLER, et al.
No. 83-CA-634.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 1984.
Writ Denied May 4, 1984.
*1193 Levy & Levy, Lazard Levy, Joel Levy, Marrero, for plaintiffs-appellants.
Paul P. Rutledge, Metairie, for defendants-appellees.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This appeal involves a suit for damages arising out of an automobile accident which occurred March 27, 1982. Suit was filed on April 20, 1983, and thereafter, the defendant filed a peremptory exception pleading prescription. The trial court maintained the exception and dismissed the plaintiffs' petition. From this judgment, the plaintiffs appeal. We affirm.
The issue is whether prescription was interrupted by acknowledgment on the part of Hartford Insurance Company pursuant to article 3520 of the Louisiana Civil Code.
The plaintiffs retained counsel as early as November 17, 1982 in order to recover damages for injuries sustained as a result of the accident. Plaintiffs' counsel and Tara B. Huguet, the claims adjuster for the defendant insurer, the Hartford Insurance Company, communicated both verbally and in writing during the year following the accident. The record reflects a letter was admitted into evidence dated November 17, 1982 written by Ms. Huguet and addressed to plaintiffs' counsel requesting medical reports offering to settle the claims of Melvin for $150, Timothy for $50, Gwen for $1500, and Johanna for $2000. Also admitted into evidence are four settlement checks issued by Ms. Huguet to the plaintiffs in the above-stated amounts and respective releases. By correspondence on March 9, 1983, the plaintiffs' itemized damages, along with supporting documentations, were mailed to Ms. Huguet who testified she received them on March 14, 1983. Thereafter, a telephone conversation between plaintiffs' counsel and Ms. Huguet took place in which Ms. Huguet, according to her own testimony, told plaintiffs' counsel she had received his letter, the file was being requested from storage, and she would review the file when it arrived. She *1194 further testified she told plaintiffs' counsel she would locate the file and call him. Subsequently, on April 6, 1983, plaintiffs' counsel telephoned Ms. Huguet whereupon she advised him the claim had prescribed. The checks were never cashed.
The plaintiffs claim prescription has been interrupted by an acknowledgment on the part of Hartford Insurance Company of the plaintiffs' right to recover damages in that Hartford's claim adjuster, Ms. Huguet, made payment on the debt due in sending the four checks. Additionally, the plaintiffs claim Ms. Huguet acknowledged the debt by admitting Hartford's liability in the communications between the parties during the year following the accident. The defendant contends the communications were merely negotiations to settle a dispute outside of court and did not constitute an admission of liability nor any other form of acknowledgment of the plaintiffs' right to be compensated.
Louisiana Civil Code article 3520 which governs the issue in this case provides:
Prescription ceases likewise to run whenever the debtor, or possessor, make acknowledgment of the right of the person whose title they prescribed.
In Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La. 1980), the Supreme Court in dicta stated the acknowledgment with the interruptive effect may be express or tacit. The court listed specific acts that may be considered tacit acknowledgment:
Accordingly, this court has stated that acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; and that it may be inferred from the facts and circumstances. Lake Providence Equipment Company v. Tallulah Prod. Cred. Assn., [257 La. 104] 241 So.2d 506 (1970).
The Flowers court held evidence in that case did not disclose the defendant insurance company ever admitted owing the plaintiff damages for her personal injuries. Likewise, in the instant case, if Hartford's statements and actions do not manifest an intention to admit the company's indebtedness to the plaintiffs, there has been no acknowledgment.
We find the correspondence between Ms. Huguet and plaintiffs' counsel do not manifest an intention to admit the company's liability but consisted of nothing more than negotiations to compromise and settle the plaintiffs' claims. Ms. Huguet's affidavit indicates that in none of her letters to the plaintiffs' counsel did she acknowledge an indebtedness to the claimants, but she merely requested information and ultimately made an offer to compromise and settle the claims as indicated by offers made in her letter of November 17, 1982. At trial Ms. Huguet testified she did not at any time indicate to plaintiffs' counsel in her discussions with him that she intended to waive prescription on the plaintiffs' claim. The plaintiffs' counsel had ample opportunity to cross-examine Ms. Huguet, and in none of his cross-examinations of her did he attack these statements or elicit testimony from her which would indicate their discussions were other than negotiations and attempts to compromise in order to avoid litigation.
In Trainer v. Aycock Welding Company, 421 So.2d 416, at 418 (La.App. 1st Cir.1982), the court held negotiations between the accident victims' attorney and an insurance company's claims examiner did not result in an acknowledgment such as would interrupt prescription throughout the one-year prescriptive period of article 3536 of the Louisiana Civil Code. The Trainer court stated:
It has long been the public policy of this state that the compromise of disputes are highly favored and promote judicial efficiency. La.C.C. art. 3071 et seq; Richard v. Southern Farm Bureau Casualty Insurance Company, 254 La. 429, 223 So.2d 858 (1969)... Candid and good faith settlement negotiations should be encouraged between the parties to a dispute to implement this policy. If settlement negotiations which do not result in an oral compromise agreement can constitute *1195 an acknowledgment of the disputed indebtedness so as to interrupt prescription, then undoubtedly in the future such negotiations will be less candid and less productive. We do not believe that the law should be interpreted to place such a chilling effect on settlement negotiations. The ruling of the trial court that the negotiations between the parties did not result in an acknowledgment is correct. Trainer, supra.

In the instant case, the evidence amply demonstrates issuance of the checks by Hartford constituted an offer to compromise, not an admission of liability. Ms. Huguet's testimony to this effect was largely unrefuted. Moreover, the amount of the debt owing to the plaintiffs was at all times in dispute, and the checks sent to them were never cashed. Therefore, we find the plaintiffs have failed to prove an acknowledgment of a debt sufficient to interrupt prescription.
For the reasons assigned, the judgment of the trial court is affirmed, and all costs of this appeal are assessed against the appellants.
AFFIRMED.