521 So.2d 618 (1988)
Ivy ST. ROMAIN
v.
Coral J. LAMBERT, et al.
No. CW 870742.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Writ Denied April 22, 1988.
Dale H. Hayes, Morgan City, for plaintiff Ivy St. Romain.
Michelle F. Grazioso, Baton Rouge, for defendants Champion Ins. Co., Coral J. Lambert.
Daniel R. Atkinson, Baton Rouge, for Hartford Ins. Co.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This is an automobile accident case. From a judgment overruling the peremptory *619 exception raising the objection of prescription, defendants, Coral J. Lambert, his wife, and Champion Insurance Company (Champion), applied for supervisory writs from this court. On July 1, 1987, this court granted the relief sought and ordered the trial judge to vacate the judgment overruling the exception and to enter judgment in defendants' favor dismissing plaintiff's suit with prejudice. In turn, plaintiff, Ivy St. Romain, applied to the Louisiana Supreme Court for supervisory writs. On October 16, 1987, the Supreme Court, 513 So.2d 812, vacated the order of this court and remanded this matter to this court for oral argument and an opinion.

FACTS
As a result of an automobile accident on May 10, 1985, plaintiff sustained property damage to his automobile and personal injuries. In June of 1985, Champion, which insured the driver of the other automobile, Lambert, mailed plaintiff a check for $736.82. The check was marked as settlement for "all claims." Champion sent a supplemental check for property damage in the amount of $317.95 in July of 1985. Champion's adjuster, Fred Williams, contacted plaintiff's attorney several times in an effort to obtain medical reports, however, he never made an offer to settle the personal injury claim.
On April 4, 1986, plaintiff's attorney wrote Mr. Williams and forwarded the current medical on plaintiff. Additionally in the letter counsel stated: "We are most anxious to conclude this matter and would consider any settlement proposal. Please note the anniversary date is soon approaching and if I have not received a proposal by that time, I will be forced to file suit." On April 16, 1986, plaintiff's attorney again wrote Williams sending new medicals, and said, "Let us get together soon to discuss a settlement."
Plaintiff filed suit on May 15, 1986, against Lambert, his wife, and Champion. Coral Lambert and Champion filed the peremptory exception raising the objection of prescription.

TRIAL COURT
This matter was apparently submitted to the trial court on the pleadings, documentary evidence consisting of two checks issued in settlement of the property damage, copies of correspondence from plaintiff's attorney to Mr. Williams, the adjuster, and the deposition of the adjuster.
In overruling the exception the trial court concluded: "in this case the issuance of two checks, one in settlement of all claims and one as a supplemental payment for property damages, taken together with the adjuster's testimony [by deposition] that there was no intent to deny liability, and that there was never a denial, over a period of eight months contact with plaintiff and/or his attorney, shows that the sole issue was the amount of damages, and that the insurance adjuster tacitly acknowledged liability."

I
La.Civ.Code art. 3464 provides:
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.
In Trainer v. Aycock Welding Company, 421 So.2d 416, 417 and 418 (La.App. 1st Cir.1982), Judge Lanier writing for the court said:
Generally, tort actions prescribe one year from the date of the offense or quasi-offense. La.C.C. art. 3536. [now article 3492 under the 1983 revision] The burden of proof rests upon the party pleading prescription. Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). However, where the petition shows on its face that the prescriptive period has run, as in the instant case, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981), writ denied 405 So.2d 533 (La. 1981); Andrus v. Patton, 394 So.2d 714 (La.App. 3rd Cir.1981); McEachern v. Raborn, 393 So.2d 231 (La.App. 1st Cir. 1980).
* * * * * *
*620 Prescription of an unliquidated claim for damages in tort may be interrupted by the tacit acknowledgment of the debtor. Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La. 1979); Richardson v. Louisiana Farm Bureau Mutual Insurance Company, 393 So.2d 200 (La.App. 1st Cir.1980), writ denied 398 So.2d 529 (La.1981). In the Flowers case, the court determined that the adjuster's discussions with the claimant to try to reach a compromise "did not manifest an intention to admit the company's indebtedness to her." Flowers v. United States Fidelity & Guaranty Company, supra, 381 and 384. In the Richardson case, there was an oral compromise agreement to settle the plaintiff's claim and this court found that there was a tacit acknowledgment of the debt which interrupted prescription.
It has long been the public policy of this state that the compromise of disputes are highly favored and promote judicial efficiency. La.C.C. art. 3071 et seq.; Richard v. Southern Farm Bureau Casualty Insurance Company, 254 La. 429, 223 So.2d 858 (1969); Saunders v. New Orleans Public Service, Incorporated, 387 So.2d 603 (La.App. 4th Cir.1980), writ denied 394 So.2d 614 (La.1980); McKowen v. Gulf States Utilities Company, 358 So.2d 675 (La.App. 1st Cir.1978); Louisiana Farm Bureau Mutual Insurance Company v. State Farm Mutual Automobile Insurance Company, 348 So.2d 1311 (La.App. 3rd Cir.1977). Candid and good faith settlement negotiations should be encouraged between the parties to a dispute to implement this policy. If settlement negotiations which do not result in an oral compromise agreement can constitute an acknowledgment of the disputed indebtedness so as to interrupt prescription, then undoubtedly in the future such negotiations will be less candid and less productive. We do not believe that the law should be interpreted to place such a chilling effect on settlement negotiations.
In Collins v. Capital Valve and Fitting Company, 409 So.2d 579 (La.1982), Clara Collins was injured in an automobile accident on October 3, 1979. Defendant's insurer issued a draft in the names of Henry and Clara Collins in payment of the property damages. On October 23, 1980, plaintiffs filed suit for medical expenses, lost wages, and personal injuries. Defendants filed a plea of prescription. The Supreme Court concluded that prescription had run based on the facts that the draft was for property damages and plaintiffs' counsel noted in a letter to the adjuster that prescription was running. Particular attention was given the fact as noted in the letter from plaintiffs' counsel that counsel knew prescription was running, and the claim for other elements of damage would prescribe if suit was not filed.
In White v. Miller, 447 So.2d 1192 (La. App. 5th Cir.1984), writ denied, 449 So.2d 1357 (La.1984), the court stated that the issuance of checks by an insurance company constituted an offer to compromise, not an admission of liability or acknowledgement of a debt sufficient to interrupt prescription.
However, in Guice v. Mustakas, 490 So. 2d 390 (La.App. 5th Cir.1986), the court found the evidence supported a determination that prescription was interrupted. Rather than act through an attorney, the claimant dealt directly with the insurance adjuster. Medical bills were periodically paid as partial settlements, and plaintiff stated that he was led to believe, by the adjuster, that the insurance company would ultimately settle the claim without regards to time limits.

II
In his reasons for judgment, the trial judge paid particular attention to the two checks offered in settlement as well as the after-the-fact testimony by the adjuster that there was no intent to deny liability. From the record before us, it is unclear whether the two checks were intended as an offer of settlement of the whole claim, or merely a settlement of the property damage to the automobile. Generally insurers attempt to settle property damage claims as soon as possible and will wait to settle personal injury claims until most of *621 the medical evidence is available. During oral argument plaintiff's counsel admitted that the total of the two checks issued was, though not identical to the amount of the property damage, essentially equal to the amount of the property damage. Thus we find it reasonable to conclude that the two checks were for property damage to the automobile. Though the adjuster testified that there was no intent to deny liability, there is a total lack of evidence that the adjuster ever communicated an acknowledgement of liability to plaintiff or plaintiff's attorney.
After the tender of the two checks, the adjuster continued to seek and receive medical information. Plaintiff's attorney was well aware the prescriptive date was "soon approaching." He forewarned that if a settlement proposal was not received he would be forced to file suit. Apparently the attorney did not believe the adjuster had admitted liability.
Thus, we conclude the trial judge was manifestly erroneous and clearly wrong in finding as fact a tacit acknowledgement of liability because of two checks offered in settlement of property damage and "no intent to deny liability" ever expressed to plaintiffs or their attorney.
Therefore, we grant the relief requested, and the Honorable Ian Claiborne is hereby ordered to vacate the judgment overruling the peremptory exception raising the objection of prescription, and ordered to enter judgment in defendants-relators' favor, dismissing the suit against them with prejudice.
WRIT GRANTED AND MADE PEREMPTORY.