BYRNES, Judge.
In this appeal Sadie Merritt, the appellant, contends that the trial judge erred in finding that Maryland Casualty Co., the appellee, acted reasonably and in good faith in negotiating the settlement of certain claims arising out of an accident between a New Orleans Public Service bus and a vehicle owned and operated by Freddie Domino and insured by Maryland Casualty. We affirm.
The facts of the case are as follows: On March 3,1980 an accident occurred between a New Orleans Public Service bus and a vehicle driven by Freddie Domino and insured by Maryland Casualty Co. Twenty-nine passengers in the bus, including the appellant, were injured. Subsequently Maryland Casualty perfected settlements with twenty-two of those passengers using approximately % of the $10,000.00 policy limits available. Although Ms. Merritt had notified Maryland Casualty of her claim by letter dated May 11,1980 no settlement was attempted as to her claim.
On August 7, 1980 Ms. Merritt filed suit. After a trial on the merits Freddie Domino was found responsible for the accident and judgment was entered against him for those injuries in excess of his insurance policy limits.
On appeal Ms. Merritt argues that the failure of Maryland Casualty to settle her claim after receiving notice of it’s existence constituted bad faith. We disagree. Based on the record before us we find that Maryland Casualty Co. acted reasonably and in good faith in it’s settlements in this matter. By their action the vast majority of claims were settled for nominal amounts, leaving $3,630.00 still available to those claimants with whom settlements were not perfected.[1]
It is well settled in our law that an insurer may enter into reasonable, good faith, settlements even though such settlements exhaust or diminish the proceeds available to other claimants. In Manieri v. Horace Mann Mutual Ins. Co., 350 So.2d 1247 at 1248 (La.App. 4th Cir.1977) this court stated:
A liability insurer faced with multiple claims to inadequate proceeds is generally not required to prorate, but may enter into compromise agreements with one or several claimants to the exclusion of others, even to the extent of exhausting the entire fund, as long as the compromises are reasonable and are made in good faith.
See also Holtzdaw v. Falco, 355 So.2d 1279 (La.1978) Richard v. Southern Farm Bureau Casualty Insurance Co., 254 La. 429, 223 So.2d 858 (1969).
*1002 During the trial Ms. Jeanette Groetch, the claims adjustor who handled the case for Maryland Casualty, was questioned extensively concerning her reasons for handling the settlements as she did. When asked by Ms. Merritt’s attorney why she settled so many claims and did not attempt to settle Ms. Merritt’s claim she replied, “When I was presented with your medical I wanted to wait and see what I was going to have from the other plaintiff’s attorneys involved in the case, because I was afraid, you know, spending too much on one claim where I would be presented with more serious medical from another claimant.” When asked if that meant that she preferred to settle claims that did not involve serious injuries she replied, “No— well, I don’t have one involved from the onset. What we are faced with was a small policy and I would be willing to settle for minimal amounts if they would agree, and if not we would have to wait and see.”
We find that the testimony of Ms. Groetch, and the other evidence introduced at trial shows that Maryland Casualty acted both reasonably and in good faith in settling the claim in question.
Appellant has produced no evidence other that Maryland Casualty’s failure to settle with her to prove bad faith or unreasonableness. Accordingly we affirm the trial court’s decision.
Cost of this appeal are to be borne by appellant.
AFFIRMED.

. The average settlement reached was $289.00.