BARRY, Judge.
Plaintiff’s lawsuit for nursing and housekeeping wages was dismissed on an exception of prescription.
The petition was filed October 16, 1981 for services allegedly rendered to Michel *538 Martin between June, 1977 and his death on October 18,1978. The defendant, an heir of Mr. Martin, accepted his succession unconditionally on June 4,1981. No other facts are alleged and the record only contains the petition, exception and briefs.
Plaintiff acknowledges that a claim for nurse’s wages rendered to a decedent prescribes in one year. LSA-C.C. Art. 3534[1]; Succession of Bierce, 171 La. 1047, 132 So. 783 (1931). Also, claims for wages of a servant or domestic are barred after one year from the time of leaving service. LSA-C.C. Arts. 3205, 3206[2].
However, plaintiff argues the defendant, as Mr. Martin’s curator, then as Mr. Martin’s administrator and heir, and individually, continuously promised to pay the debt as recently as June, 1981, thereby interrupting prescription. Defendant counters:
1) The petition does not allege he made a promise;
2) Nearly IV2 years passed before he (as decedent’s illegitimate son) was allowed to assert a claim to the succession;
3) He was not the initial administrator of the succession (2 years lapsed between death and his appointment);
4) 2V2 years lapsed before he was recognized as heir and placed in possession;
5) LSA-R.S. 13:3721[3] prohibits the use of parol evidence to prove acknowl-edgement of a debt;
6) An inventory was taken of the succession and he is not “responsible to any debtors of the succession”;
7) The succession was under administration from November 28, 1978 until June 4, 1981 and plaintiff failed to make a claim against the succession.
Defendant’s first argument that the petition does not make reference to a promise by defendant is inapplicable. Evidence may be introduced on trial of the exception of prescription. LSA-C.C.P. Art. 931.[4]
Arguments 6 and 7 are defenses that apply to the merits. Argument 5 is not *539 relevant because LSA-R.S. 13:3721 is evi-dentiary in nature and restricts the type of evidence admissible at trial to prove a decedent’s obligation. The statute is not prescriptive, does not provide authority to dismiss or defeat an action by way of an exception or prescription, but applies only to evidence on the merits.[5] Succession of Brown, 251 So.2d 465 (La.App. 1st Cir.1971), Williams v. Collier, 249 So.2d 298 (La.App. 1st Cir.) writ denied 259 La. 775, 252 So.2d 669 (1971).
The apparent thrust of defendant’s other contentions (2, 3, and 4) is that he was not capable of effecting an acknowledgement of the decedent’s obligation. We disagree. We are not ruling on the admissibility of evidence to prove the alleged debt, rather whether defendant could make a verbal ac-knowledgement and interrupt prescription.
If defendant was curator during Mr. Martin’s interdiction he had the authority to engage the services of plaintiff and bind the interdict’s succession. Also, LSA-C.C. Art. 945 provides that one of the effects of seizin is that “the heir, in every thing, represents the deceased, and is of full right in his place as well as for his rights as his obligations.” LSA-C.C. Art. 946 states in part: “If the heir accepts he is considered as having succeeded to the deceased from the moment of his death .... ” We are satisfied an heir who has accepted a succession is capable of verbally acknowledging the debt.
The acknowledgement that will interrupt prescription need not be in any particular form. It may be made by the debt- or, or his agent, “verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; .... it may be implicit or it may be inferred from the facts and circumstances.” Flowers v. United States Fidelity & Guaranty Co., 381 So.2d 378, 382 (La.1980) citing Lake Providence Equipment Co. v. Tallulah Prod. Cred. Assn., 257 La. 104, 241 So.2d 506 (1970).
When it is patent from the pleadings, as here, that a claim has prescribed, plaintiff has the burden of proving the interruption. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.) writ denied 405 So.2d 533 (1981).
Plaintiff’s counsel argues the Trial Judge would not allow evidence on the exception of prescription; defendant claims the plaintiff was not present for the hearing, but he does not refute the Trial Judge’s alleged refusal to admit evidence. Since the plaintiff contends and has the burden to prove interruption of prescription and may or may not have been precluded from doing so, and in the interest of justice, we reluctantly remand to allow plaintiff the opportunity to introduce evidence to counter the exception of prescription.
The judgment sustaining defendant’s exception of prescription is set aside and this matter is remanded for further proceedings as outlined above.
SET ASIDE AND REMANDED.

. LSA-C.C. Art. 3534 provides in part:
The following actions are prescribed by one year:
[[Image here]]
That of workmen, laborers and servants, for the payment of their wages.
[[Image here]]

. LSA-C.C. Arts. 3205, 3206:
Art. 3205. Servants, definition
Servants or domestics are those who receive wages, and stay in the house of the person paying and employing them for his service or that of his family; such are valets, footmen, cooks, butlers, and others who reside in the house.
Art. 3206. Prescription of action; extent of privilege
Domestics or servants must make a demand of their wages within a year from the time when they left service, but their privilege is only for the year past, and so much as is due for the present year.

. LSA-R.S. 13:3721:
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior 10 ms death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
[[Image here]]

.LSA-C.C.P. Art. 931: Evidence on trial of peremptory exception
On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.
*539 No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.

. We do not imply that this statute would be applicable on the merits. The purpose of the “Deadman’s Statute” is to prevent stale claims which the decedent could have refuted, if alive. Adams v. Carter, 393 So.2d 253 (La.App. 1st Cir.1980) writ denied 398 So.2d 531 (1981), Collier v. Suc. of Blevins, 136 So.2d 774 (La. App. 4th Cir.1962).