CHEHARDY, Chief Judge.
Franklin Printing Company, Inc. (Franklin Printing), appeals a judgment of the trial court dismissing its suit on open account because of Franklin Printing’s failure to join Tulane Hotel Investors Limited Partnership, d/b/a Bayou Plaza Hotel (Bayou Plaza), in compliance with the trial court’s order sustaining an exception of nonjoinder of an indispensable party filed by defendant, Wallace J. Dorion, Jr., d/b/a Dorion Advertising and Public Relations (Dorion).
On June 25, 1987, Franklin Printing sued Dorion for $3,746.33 plus legal interest, attorney fees and finance charges, alleging it had sold and delivered to Dorion 25,000 folders on open account and that there remains a balance of $3,746.33 due on the account.
*886 Dorion responded by filing the peremptory exceptions of nonjoinder of an indispensable party and no cause of action. Dorion urged dismissal of the case, arguing it acted as agent for Bayou Plaza by ordering the brochures on their behalf and that, as defendant’s principal, Bayou Plaza is indispensable to this proceeding.
The exceptions were heard by the trial court on August 11, 1987. In judgment rendered on August 28, 1987, the trial judge took the exception of no cause of action under advisement. The exception of nonjoinder of an indispensable party was maintained, and Franklin Printing was granted 60 days in which to join Bayou Plaza as a party to the proceedings and advised that in the event it failed to do so, its action would be dismissed with prejur dice at its costs.
Subsequently, Franklin Printing filed an application for a new trial arguing that Bayou Plaza was a necessary party to the proceedings. The court heard arguments on the motion on October 9, 1987, and denied the motion on November 24, 1987.
While plaintiff's application for new trial was pending, plaintiff filed a motion for extension of time to join a party. This motion was granted on October 27, 1987, allowing plaintiff 60 days from the date of the court’s judgment on the application for a new trial to join Bayou Plaza as a party to these proceedings.
On February 2,1988, the court dismissed plaintiff’s case with prejudice, stating, “More than sixty (60) days have now elapsed since November 24, 1987, the date of this Court's judgment of Plaintiff's Application for New Trial, and Plaintiff has not joined Tulane Hotel Investors Limited Partnership d/b/a Bayou Plaza Hotel.”
Plaintiff appeals this judgment arguing the trial court erred in (1) determining that Bayou Plaza was an indispensable party to these proceedings; (2) failing to recognize that Bayou Plaza could not have been joined in these proceedings even if they were indispensable, because Bayou Plaza is and has been in bankruptcy; and (3) failing to honor the plaintiff's claim that Dorion assumed individual liability for the Franklin invoice which claim is subject to trial on the merits alone, separate and apart from any claim by Dorion that he is an agent for a disclosed principal, namely, Bayou Plaza.
Indispensable parties are defined and their joinder regulated by LSA-C.C.P. art. 641, which provides:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.”
Parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights. The classification of a party as indispensable may be applied only after the facts clearly establish that no complete and equitable adjudication of the controversy can be made in his absence. State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973).
In the present case the record contains the allegations and conclusions of counsel supporting the argument that prejudice would be suffered if Franklin Printing were allowed to proceed. The only evidence that was before the trial court consists of an invoice sent to Dorion by Franklin Printing. Part of the invoice reads, “25,000 Folders — Bayou Plaza Reprinted.” Dorion relies on this language in arguing Franklin Printing had notice that Dorion was the agent for Bayou Plaza.
In Louisiana, a disclosed agent is not liable to third parties for debts of its principal. LSA-C.C. art. 3013; Roll-Up Shutters v. South Cent. Bell Tel., 394 So.2d 796 (La.App. 4 Cir.1981). “The party claiming to have purchased as agent must establish that this capacity was made known to the seller, and also that an actual agency relationship existed by evidence beyond his own assertion.” Marmedic, Inc. v. Intern. Ship Mgmt., 425 So.2d 878, 880. (La.App. 4 Cir.1983). Absent disclosure of *887 this special status, the law presumes that a person is acting in his individual capacity and holds him personally liable for his actions. The person who claims he is acting as an agent bears the burden of proof to show his special status. J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1 Cir.1980).
We find the evidence presented insufficient to prove that Dorion’s alleged agency relationship was known to Franklin Printing. The evidence also is insufficient to prove that Bayou Plaza is an indispensable party. We are not holding that Bayou Plaza is not an indispensable party and we do not intend to preclude a judgment to that effect if, on remand, the trial court finds sufficient evidence to indicate that Bayou Plaza is indispensable.
For the reasons assigned the judgments of the trial court sustaining the exception of failure to join an indispensable party and dismissing the suit are reversed and remanded for further proceedings not inconsistent with the views herein expressed. All costs in this court are assessed against the defendant. All other costs are to await the outcome of the suit.
REVERSED AND REMANDED.