LANIER, Judge.
This action is a suit for damages in tort arising from an incident in which a state police officer was shot in the face by a motorist. Suit was filed by Bobby E. Smith against Mrs. Mary Erdey Anderson, as administratrix of the Succession of Fred Aubry Anderson, Jr., and as the executrix of the Succession of Fred Aubry Anderson, Sr. Mrs. Anderson filed a peremptory exception raising the objection of prescription. The trial court sustained the exception and dismissed Smith’s suit at his cost. Smith took this devolutive appeal.
FACTS
On March 14, 1986, Smith and other police officers were conducting a routine license- check on Louisiana Highway No. 15 in Franklin Parish, Louisiana. Fred Aubry Anderson, Jr. drove his vehicle through this checkpoint without stopping. Smith and other officers gave chase. The Anderson vehicle was stopped approximately one-third of a mile from the initial checkpoint. Anderson, Jr. precipitated a gun battle and shot Smith in the face and hands with a shotgun. Anderson, Jr. was subsequently killed by other officers.
On March 4, 1987, Smith’s attorney, T.J. Adkins, filed duplicate original sworn creditor’s proofs of claim in the succession proceedings of Anderson, Jr. and his father, Fred Aubry Anderson, Sr. Adkins also sent duplicate original sworn creditor’s proofs of claim by certified mail, return receipt requested, to Mrs. Anderson at the address of the attorney of record in the respective successions, Jesse P. Lagarde. Lagarde received these proofs of claim on March 9, 1987. Thereafter, Lagarde notified Anderson of these proofs of claim and presented her with copies of them and the letters which accompanied them.
On July 31, 1987, suit was filed by Smith against Mrs. Anderson, as administratrix of the Succession of Anderson, Jr. and as executrix of the Succession of Anderson, Sr.
SUSPENSION OF PRESCRIPTION
(Assignment of error number 1)
Smith contends the trial court erred in finding he had not complied with the delivery requirements of La.C.C.P. art. 3245.
Since Smith’s claim against the respective successions is one in tort, it is subject to a liberative prescription of one year. La.C.C. art. 3492. Prescription com *382 menced to run from March 14, 1986, the day injury or damage was sustained by Smith. Suit was not filed until July 31, 1987. The prescriptive period of on Smith’s claim would have accrued on March 14, 1987 (La.C.C. art. 3454), unless it was interrupted or suspended. Where a petition shows on its face that prescription has run, as in the instant case, the plaintiff has the burden of proving a suspension or interruption of the prescriptive period. St. Romain v. Lambert, 521 So.2d 618 (La.App. 1st Cir.), writ denied, 523 So.2d 233 (La. 1988).
La.C.C.P. art. 3245[1] provided as follows:
A creditor may suspend the running of prescription against his claim by delivering personally or by certified or registered mail to the succession representative a formal written proof of the claim, sworn to by the claimant, setting forth:
(1) The name and address of the creditor;
(2) The amount of the claim, and a short statement of facts on which it is based; and
(3) If the claim is secured, a description of the security and of any property affected thereby.
If the claim is based on a written instrument, a copy thereof with all endorsements must be attached to the proof of the claim. The original instrument must be exhibited to the succession representative on demand, unless it is lost or destroyed, in which case its loss or destruction must be stated in the claim.
The submission of this formal proof of claim, even though it be rejected subsequently by the succession representative, shall suspend the running of prescription against the claim as long as the succession is under administration. (Emphasis added)
The alleged tort was committed on March 14, 1986. On March 4, 1987, Smith’s attorney, T.J. Adkins, filed proofs of claim in the respective succession proceedings. He also sent proofs of claim by certified mail, return receipt requested, to Mrs. Anderson at the address of the attorney of record in the successions. The attorney received these proofs of claim on March 9, 1987. Thereafter, the attorney notified Mrs. Anderson of these proofs of claim and presented her with copies of them; the record does not reflect the exact date on which this was done.
*383 The trial judge gave the following rationale to support his ruling:
LSA C.C.P. 3245 relating to suspension of prescription is a companion statute to LSA R.S. 13:3721, also known as the “dead man statute”, which allows the introduction of parol evidence to prove the debt or liability of the deceased, (see comment B under Article 3245).
A review of the jurisprudence indicates an extreme paucity of cases directly under Article 3245, especially relating to the method of perfecting the- proof of claim. It must be conceded that, prior to the amendment to Article 3245, the Courts applied a very strict interpretation as relates to what constitutes perfection of the proof of claim and proper notice. In that regard, the cases arising under the “dead man statute” are useful. Because of the clear legislative intent expressed in Comment C [sic] to Article 3245, this Court is under the impression that the same requirements of notice and perfection of the formal proof of claim which have been utilized to activate the “dead man statute” and the introduction of parol evidence thereunder should be utilized in evaluating whether or not prescription is suspended by the proper filing and perfection of a proof of claim under Article 3245. It is clear that actual knowledge of the pendency of a suit (or in this case a formal claim) is not a legal citation or a demand which is sufficient to interrupt (or suspend) the running of prescription.
Official Revision Comment (b) for La.C.C.P. art. 3245 provides as follows:
(b) The submission of a formal proof of the claim under this article will establish the basis for the introduction of par-ol evidence to prove the debt or liability of the deceased under the provisions of R.S. 13:3721, as amended.
La.R.S. 13:3721, the Louisiana Dead Man statute, provides as follows:

Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:

(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or

(If The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 32⅛5 of the Code of Civil Procedure.

The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder. (Emphasis added)
The purpose of La.R.S. 13:3721 is to prevent unfounded claims from being filed against a succession; to preserve this purpose, the statute (when it applies) is strictly construed. Succession of Larmore, 518 So.2d 1085 (La.App. 1st Cir.1987).
It is arguable whether or not La. R.S. 13:3721 is applicable to a tort case (like the instant case). Honeycutt v. Indiana Lumbermens Mutual Insurance Company, 130 So.2d 770 (La.App. 3rd Cir.1961). Cf. Adams v. Carter, 393 So.2d 253 (La. App. 1st Cir. 1980), writ denied, 398 So.2d 531 (La.1981). However, see G. Kitchens, Evidence-Applicability of Dead Man’s Statute to Tort Action, 22 La.L.Rev. 838 (1962). In any event, pretermitting this issue, a review of La.R.S. 13:3721 shows it simply is not applicable in this case. La. R.S. 13:3721 is a rule of evidence pertaining to the proof of an obligation on the merits of a case. Brumfield v. Martin, 428 So.2d 537 (La.App. 4th Cir.1983); Sue- *384 cession of Brown, 251 So.2d 465 (La.App. 1st Cir.1971); Williams v. Collier, 249 So.2d 298 (La.App. 1st Cir.), writ refused, 259 La. 775, 252 So.2d 669 (1971). The instant proceeding involves a peremptory exception raising the objection of prescription. La.C.C.P. art. 927(1). An exception is a means of defense, other than a denial or avoidance of the demand (merits), used by a defendant to retard, dismiss, or defeat the demand brought against him. La.C. C.P. art. 921. An exception is not an affirmative defense. La.C.C.P. art. 1005. The trial court committed legal error by applying La.R.S.- 13:3721, and its rule of strict construction, to this case.
Liberative prescription is a mode of barring an action as a result of inaction for a period of time. La.C.C. art. 3447. La.C. C.P. art. 3245 provides that a succession creditor may suspend the running of liber-ative prescription against his claim “by delivering personally or by certified or registered mail to the succession representative” a sworn, written proof of claim. If this is done, the submission of the proof of claim “shall suspend the running of prescription against the claim as long as the succession is under administration.” The period of suspension is not counted toward accrual of prescription; however, prescription commences to run again upon the termination of the period of suspension. La. C.C. art. 3472.
The issue in this case is whether sending the proof of claim to the succession representative at the address of her attorney (and not at her home or office address) constitutes “delivering ... by certified or registered mail to the succession representative” for purposes of La.C.C.P. art. 3245. A review of La.C.C.P. art. 3245, as it was written at all times pertinent hereto, shows that it did not specifically state what address should be used for the succession representative; it merely provided that the proof of claim had to be delivered by mail to the succession representative. When construing La.C.C.P. art. 3245, we must be mindful of the following, which is stated in Maddens Cable Service, Inc. v. Gator Wireline Services, Ltd., 509 So.2d 21, 23 (La.App. 1st Cir. 1987):
La.C.C.P. art. 5051 admonishes us that the articles of the Louisiana Code of Civil Procedure must “be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” The official revision comment for Article 5051 states that it “expresses the procedural philosophy of this Code and serves as a constant reminder to the bench and bar that procedural rules are only a means to an end, and not an end in themselves.” Lawsuits should be decided on their merits and should not turn on arbitrary or technical rules of procedure.
Accordingly, we hold that mailing the proof of claim to the succession representative in care of her attorney constituted substantial compliance with Article 3245, and that the running of prescription was suspended on the date that the attorney received the proof of claim, which was March 9, 1987. The plaintiff has met his burden of proving the suspension.
This assignment of error has merit.[2]
DECREE
For the foregoing reasons, the judgment of the trial court sustaining Mrs. Anderson’s peremptory exception raising the objection of prescription and dismissing Smith’s suit is reversed, and the case is remanded to the trial court for further proceedings. Mrs. Anderson is cast for the cost of this appeal.
REVERSED AND REMANDED.

. Act 693 of 1987, effective September 1, 1987, amended La.C.C.P. art. 3245 to read as follows:
A. A creditor may suspend the running of prescription against his claim by delivering personally or by certified or registered mail to the succession representative, or his attorney of record, a formal written proof of the claim; or by filing a formal written proof of the claim in the record of the succession proceeding, if the succession has been opened and no person has been appointed or confirmed as succession representative and no judgment of possession has been signed; or by filing a formal written proof of the claim with the clerk of court of the appropriate parish as provided in Article 2811, in the absence of a proceeding to open the succession.
B. Such proof of claim shall be sworn to by the claimant and shall set forth:
(1) The name and address of the creditor;
(2) The amount of the claim, and a short statement of facts on which it is based; and
(3) If the claim is secured, a description of the security and of any property affected thereby.
C. If the claim is based on a written instrument, a copy thereof with all endorsements must be attached to the proof of the claim. The original instrument must be exhibited to the succession representative on demand, unless it is lost or destroyed, in which case its loss or destruction must be stated in the claim.
D.The submission of this formal proof of claim, even though it be rejected subsequently by the succession representative, shall suspend the running of prescription against the claim as long as the succession is under administration or, if the succession has been opened and no person has been appointed or confirmed as succession representative and no judgment of possession has been signed, submission of the formal proof of claim shall suspend the running of prescription against the claim as long as no judgment of possession has been signed. In the absence of a proceeding to open the succession, submission of the formal proof of claim shall suspend the running of prescription against the claim for five years, commencing from the date of submission of the proof of claim. This amendment represents current public policy on this issue and can be considered by us in our decision. See Carona v. State Farm Insurance Company, 458 So.2d 1275 (La. 1984).

. By assignment of error number 2, Smith contends the trial court erred in refusing to apply the 1987 amendment (Act 693 of 1987) to La.C. C.P. art. 3245 retroactively. Since we find that Smith complied with the requirements of La.C. C.P. 3245 as worded prior to the 1987 amendment, we need not address this assignment of error.