JiSEXTON, Judge.
Appellant, Gail Bearden, alleged creditor of the estate of Dollie Bearden, appeals the dismissal of her claim. We affirm in part, reverse in part, and remand for further proceedings.
FACTS
Gail Bearden cared for Dollie Bearden during the eleven years prior to Ms. Bear-den’s death on November 30, 1992, and claims $68,989.52 as the value of those services from the estate of Dollie Bearden. It is undisputed that there exists no written contract or agreement with respect to these services. On September 12, 1993, Gail Bear-den delivered a letter to John Robinson, the attorney representing her husband, Collie Bearden, who is one of the named executors in the will of Dollie Bearden. This act occurred prior to the judicial opening of the succession. In this letter, Gail Bearden set forth the amounts claimed to be due. The letter was notarized by Betty Shipp, but was not sworn to by Gail Bearden and did not contain a certificate of service.
The succession was probated, and Collie Bearden was confirmed as testamentary executor on January 13, 1994.
On April 12, 1994, the heirs of the succession, represented by counsel separate from that of the estate, filed a rule nisi directed against Collie Bearden, as executor, and against Gail Bearden ordering that they show cause why the heirs should not be placed in possession of the estate and why the “claim for monetary compensation urged by her [Gail Bearden] should not be denied and not recognized as a debt of the estate of the deceased.” Specifically, petitioners-in-rule claimed that Gail Bearden failed to comply with the provisions of LSA-R.S. 13:3721, Louisiana’s “Dead Man’s Statute,” as interpreted by Succession of Marcotte, 449 So.2d 732 (La.App. 3d Cir.1984).
laAt the hearing on the rule, the trial court dismissed the “claim for monetary compensation” of Gail Bearden at her cost. The judgment did not address the demand to have the heirs placed in possession of the estate. She appealed the dismissal of her claim, arguing error in the trial court dismissal of her entire claim and “his statement that no parol evidence may be received to prove Mrs. Bear-den’s claim.”

DISCUSSION

The issue raised by Bearden in this appeal is whether or not she has made a sufficient formal proof of her claim to the succession of Bearden. LSA-C.C.P. Art. 3245, relevant to the submission of a formal proof of claim to suspend prescription, reads as follows:
A. A creditor may suspend the running of prescription against his claim for up to ten years:
(1) By delivering personally or by certified or registered mail to the succession representative, or his attorney of record, a formal written proof of the claim.
(2) By filing a formal written proof of the claim in the record of the succession proceeding, if the succession has been opened and no person has been appointed or confirmed as succession representative and no judgment of possession has been signed.
(3) By filing a formal written proof of the claim in the mortgage records of the appropriate parish as provided in Article 2811, in the absence of a proceeding to open the succession.
B. Such proof of claim shall be sworn to by the claimant and shall set forth:
(1) The name and address of the creditor;
(2) The amount of the claim, and a short statement of facts on which it is based; and
(3) If the claim is secured, a description of the security and of any property affected thereby.
C. If the claim is based on a written instrument, a copy thereof with all en *748 dorsements must be attached to the proof of the claim. The original instrument must be exhibited to the succession representative on |8demand, unless it is lost or destroyed, in which case its loss or destruction must be stated in the claim.
D. The submission of this formal proof of claim, even though it be rejected subsequently by the succession representative, shall suspend the running of prescription against the claim as long as the succession is under administration or, if the succession has been opened and no person has been appointed or confirmed as succession representative and no judgment of possession has been signed, submission of the formal proof of claim shall suspend the running of prescription against the claim as long as no judgment of possession has been signed. In the absence of a proceeding to open the succession, submission of the formal proof of claim shall suspend the running of prescription against the claim for five years, commencing from the date of submission of the proof of claim.
Further, LSA-C.C.P. Art. 3242 provides as follows:
The succession representative to whom a claim against the succession has been submitted, within thirty days thereof, shall either acknowledge or reject the claim, in whole or in part. This acknowledgement or express rejection shall be in writing, dated, and signed by the succession representative, who shall notify the claimant of his action. Failure of the succession representative either to acknowledge or reject a claim within thirty days of the date it was submitted to him shall be considered a rejection thereof.
We also note the provisions of LSA-R.S. 13:3721, Louisiana’s “Dead Man’s Statute,” which reads as follows:
Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
14(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.
LSA-R.S. 13:3721 is a rule of evidence pertaining to the proof of an obligation on the merits of a case. Smith v. Anderson, 563 So.2d 380 (La.App. 1st Cir.1990), writ denied, 567 So.2d 105 (La.1990); Brumfield v. Martin, 428 So.2d 537 (La.App. 4th Cir. 1983); Succession of Brown, 251 So.2d 465 (La.App. 1st Cir.1971); Williams v. Collier, 249 So.2d 298 (La.App. 1st Cir.1971), writ refused, 259 La. 775, 252 So.2d 669 (1971).
The purpose of the “Dead Man’s Statute” is to protect the estate of decedents, their representatives, and heirs against stale and unfounded claims which might have been refuted or disproved by the testimony of the deceased were he living. Succession of Marcotte, supra; Taylor v. Bocock, 276 So.2d 347, 350 (La.App. 2d Cir.1973), writ refused, 279 So.2d 205 (La.1973). To preserve this purpose, LSA-R.S. 13:3721, when applied, is to be strictly construed. Smith v. Anderson, supra; Succession of Larmore, 518 So.2d 1085 (La.App. 1st Cir.1987).
The record reveals that Gail Bearden submitted a letter to John Robinson, attorney for her husband, one of the named co-executors, on September 12,1993. The basis *749 of Gail Bearden’s claim is that this letter was sufficient to comply with LSA-R.S. 13:3721(4), i.e., that she has “submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.”
Succession of Marcotte, 449 So.2d 732 (La. App. 3d Cir.1984), is instructive. In Mar-cotte, petitioner alleged that she was a creditor of the estate of deceased. More than a year after the death of the decedent, she filed a petition in opposition to the tableau | fiof distribution filed by the administratrix. The tableau listed a lesser amount than the amount the petitioner claimed. The adminis-tratrix denied the alleged indebtedness, pled liberative prescription of one and three years, and entered a special objection to the introduction of parol evidence. Petitioner was allowed to testify at the hearing on the issue, and the trial judge rendered judgment in her favor. The administratrix appealed, arguing several specifications of error, including the contention that the trial judge erred in failing to exclude parol evidence to prove the claim and in finding that there existed a “de facto” administrator of the succession.
The Third Circuit Court of Appeal in Mar-cotte reversed the trial court, concluding that parol evidence was erroneously admitted. The court also noted that the informal claim submitted by petitioner was not sworn to by the claimant and thereby failed to comply with the provisions of LSA-C.C.P. Art. 3245. Further, the court noted that at the time of submission of the claim there had been no court appointed succession representative and that the succession was not then under administration. Therefore, the trial court had erroneously created the concept of a “de facto” succession representative. The court stated:
[T]he Code refers to a precise legal definition and procedure which entails the creation of a legal officer, i.e., the role of a prudent administrator who is answerable to the court, hable for damages incident to his failure to act properly, and subject to disqualification, revocation, or removal.
Marcotte, supra at 737.
We find the Marcotte circumstances to be much like those of this case and its reasoning persuasive in our resolution of it. As in Marcotte, the lack of a sworn statement by the claimant fails to meet the requirement of LSA-C.C.P. Art. 3245. Further, appellant’s attempt to distinguish this case from Mar-cotte on the basis that a will exists and names the executor as opposed to the Marcotte situation in which there was no will is of no avail to her. As the third circuit pointed out, the law provides thejetime and procedure for the creation of the legal office of succession representative. It is therefore of no consequence that one is a named executor in a will or is named by the court. The term “succession representative” as utilized by the court in Marcotte includes both administrators and executors. LSA-C.C.P. Art. 2826(2). Thus, the delivery of the letter to John Robinson prior to the opening of the succession does not satisfy the provisions of LSA-C.C.P. Art. 3245AG).[1]
We therefore affirm that the trial court judgment prohibiting the introduction of par-ol evidence to prove the claim of Gail Bear-den pursuant to the provisions of LSA-R.S. 13:3721.
Proeedurally, however, the present case differs from Marcotte. In Marcotte, the rule to show cause was filed by the claimant and encompassed her request to prove the liability of the estate for the alleged debt. Therefore, only the proof of the debt was at issue. In this case, the heirs ruled Gail Bearden into court and limited the issues at that rule to the admissibility of parol evidence. No additional evidence was heard. Because this ruling is evidentiary in nature, we cannot find that it is sufficient to dismiss the entire claim as in Marcotte. See Brumfield v. Martin, supra; Succession of Brown, supra; Williams v. Collier, supra.
We also note and distinguish this case from Succession of Napoli, 286 So.2d 392 *750 (La.App. 4th Cir.1973), wherein plaintiff filed suit against a succession for the payment for services rendered to the deceased. Suit was filed more than one year after the date of decedent’s death, and the trial judge denied the admission of parol evidence. The court thereafter repeatedly inquired of counsel for plaintiff whether or not he could “produce any written evidence to support the claim” and received a ^negative answer from counsel. The court then rendered judgment in favor of the succession dismissing plaintiffs claim. On appeal, plaintiff claimed that while she did not dispute the applicability of LSA-R.S. 13:3721, remand was necessary to allow plaintiff to prove her claim by alternative means. The court of appeal disagreed, noting that remand of the matter would have been a vain and useless action which would not serve the interest of justice in light of the fact that counsel indicated to the court that he could produce no further evidence which would prove the claim.
Napoli differs from the present case in two ways. First, the claim there was presented in a trial on the merits specifically for the purpose of proving the claim, unlike the present ease which involved a rule to show cause limited to the evidentiary applicability of LSA-R.S. 13:3721. Secondly, there is no evidence in this record that any party indicated or was questioned relevant to the ability of Gail Bearden to further prove the claim. There has been no showing that Gail Bear-den did not comply with other provisions of LSA-C.C.P. Art. 3245, i.e., the filing of the claim in the mortgage records, or whether she may be able to prove the claim through other evidence at a trial on the merits.
Finally, we note that the inaction of the succession representative after confirmation and the opening of the succession may operate as a tacit rejection of the claim pursuant to the provisions of LSA-C.C.P. Art. 3242.
For the foregoing reasons, we affirm that portion of the trial court judgment prohibiting the introduction of parol evidence, reverse that portion of the judgment which dismisses the entire claim of appellant, and remand for further proceedings in accordance with this opinion. Costs of this appeal are assessed to appellant.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.

. LSA-C.C.P. Art. 3245 specifically addresses the procedure to be utilized prior to the opening of a succession to preserve a claim. It provides for .the filing of a formal proof of claim in the mortgage records of the appropriate parish.