**RICHARD HALPERN**       \*       **NO. 2019-CA-1066**

**VERSUS**       \*

      **COURT OF APPEAL**

**JONATHAN FERRARA**       \*
**GALLERY, INC. AND**       **FOURTH CIRCUIT**
**JONATHAN FERRARA**       \*

      **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-04131, DIVISION "F"
Honorable Christopher J. Bruno, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Regina Bartholomew-Woods)


Perry R. Staub, Jr.
Michael J. Catalano
TAGGART MORTON, L.L.C.
1100 Poydras Street, Suite 2100
New Orleans, LA 70163-2100


      COUNSEL FOR PLAINTIFF/APPELLEE


Vincent James Booth
BOOTH & BOOTH, A PLC
138 North Cortez Street
New Orleans, LA 70119


      COUNSEL FOR DEFENDANT/APPELLANT


      **VACATED AND REMANDED**

      **DECEMBER 30, 2020**

*RBW*

*TFL*

*JCL*

The matter before this Court stems from the sale of a painting. Defendants-Appellants, have appealed the trial court's ruling in favor of Plaintiff-Appellee, ordering specific performance over Defendants-Appellants and a non-joined party to turn over a specific piece of artwork to Plaintiff-Appellee. For the reasons that follow, we vacate the judgment of the trial court and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

On September 17, 1998, Jonathan Ferrara ("Mr. Ferrara") established the Jonathan Ferrara Gallery ("the Gallery") (collectively "Appellants") in New Orleans, Louisiana. The Gallery sells the artwork of local Louisiana artists, as well as national and international artists. The Gallery and the artists would split sales proceeds fifty-fifty. Ms. Sandy Chism was the first artist that Mr. Ferrara represented. Their initial representation contract was a verbal contract.

In June 2006, Mr. Ferrara drove from New Orleans to New York to participate in New York's Affordable Art Fair. Mr. Ferrara transported a few of

1

Ms. Chism's works with him in his van. One of those pieces was alleged to be a painting entitled, *"Left Behind" ("Left Behind I")*.[1] While attending the Art Fair, Appellee, Richard Halpern ("Mr. Halpern"), a New York resident, saw a painting entitled, *"Left Behind"* (*"Left Behind I"*), by artist Sandy Chism, which was being displayed for sale Appellants. Mr. Halpern states that he spoke with Ms. Chism at the Art Fair about *Left Behind I*. Mr. Halpern was interested in purchasing *Left Behind I*, but was unable to afford it at the time.

In June 2010, Mr. Halpern contacted Mr. Ferrara, via email, inquiring as to whether *Left Behind I* was still available for purchase. Mr. Ferrara responded, via email, with a picture purportedly of *Left Behind I* and quoted the price as $4,000.00. Both parties negotiated the price down to $3,000.00 with Appellants bearing the shipping costs. The sale of *Left Behind I* was consummated on June 15, 2010, to Mr. Halpern for the negotiated price. *Left Behind I,* which measured 30"x 40," was shipped to Mr. Halpern's New York residence.

Almost three (3) years later, on January 2, 2013, Sandy Chism passed away. Mr. Lane Ikenberry, Ms. Chism's husband, served as the administrator of her estate, which included her artwork ("the Estate"). Mr. Ikenberry agreed to allow the Gallery to exhibit Ms. Chism's remaining artwork, although no formal agreement was entered into between the Gallery and the Estate.[2]

An inventory taken of the artwork by an employee of the Gallery revealed another painting with the same title of *"Left Behind"*(*"Left Behind II"*) measuring 39" x 59." A brochure featuring Ms. Chism's artwork, including *Left Behind II*,

---

[1] Mr. Ferrara testified that he does not remember whether or not he brought *Left Behind* to the art fair. He further testified that he did not remember if Ms. Chism was present at the art fair.

[2] Mr. Ikenberry was not present at the trial to testify regarding the contract. Both parties stipulated that his testimony would have consisted of the following: (1) a written contract existed between the Gallery and Ms. Chism; (2) Mr. Ikenberry had not seen the written contract; and (3) the Estate continued the relationship with the Gallery, without a written contract.

was sent to gallery clients who previously showed an interest in Ms. Chism's artwork. The larger painting was listed for sale at the price of $9,000.00. Mr. Halpern received this brochure.

After seeing the larger painting for sale in the brochure, Mr. Halpern examined his painting and noticed differences between it and the image originally emailed to him in 2010. Mr. Halpern also noticed that the image he received in 2010 was identical to the image in the brochure that he had recently received.

On January 18, 2014, Mr. Halpern sent a letter to Mr. Ferrara questioning the authenticity of the painting purchased in 2010. Mr. Halpern explained that he believed the painting he purchased was the only version of the painting. No response was received.[3]

On April 25, 2014, Mr. Halpern filed a petition for damages against Appellants asserting a breach of contract for failure to deliver *Left Behind II* as promised. Mr. Halpern further asserted fraud, deceit, misrepresentation, and/or unethical practices in violation of Louisiana's Unfair Trade Practices and Consumer Protection Law ("UTP"). La. R.S. 51:1401 *et seq.* Additionally, Mr. Halpern asserted that Appellants were liable under the statute of detrimental reliance because Mr. Halpern relied on the representations of Appellants that the painting in the picture was the painting purchased. La. C.C. art. 1967.[4] Mr. Halpern

---

[3] During the trial, Mr. Ferrara testified that he was going through personal/family problems and was not responsive due to those problems.

[4] La. C.C. art. 1967 states:

> Cause is the reason why a party obligates himself.
>
> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the

sought specific performance, i.e., the delivery of *Left Behind II,* and damages, as well as costs associated with the lawsuit.

On August 15, 2014, Appellants filed exceptions of prescription, vagueness, and no cause of action, along with an incorporated memorandum in support. Appellants asserted that Mr. Halpern's claims prescribed after one (1) year. Appellants further stated Mr. Halpern's fraud claim was invalid because it was too vague to state a cause of action.

On January 29, 2015, the trial court sustained the exception of prescription only as it pertained to the claims under the UTP, and overruled the exception of prescription as it related to the other claims. The exceptions of no cause of action and vagueness were likewise overruled.

On March 2, 2015, Mr. Halpern sought writs seeking to overturn the prescription ruling of the trial court. The writ was denied by a different panel of this Court. *Halpern v Ferrara*, 2015-0217 (La. App. 4 Cir. 04/28/15)(disposition denying supervisory writ).

On August 12, 2019, a bench trial was held on this matter. At trial, Appellants, again, argued the exception of prescription claiming that Mr. Halpern had four (4) years to inspect *Left Behind* I for redhibitory defects. The trial court ruled in favor of Mr. Halpern. The trial court overruled the exception of prescription based on redhibition and ruled that the prescriptive period of ten (10) years regarding contracts applied. The trial court ordered Appellants and the Estate of Sandy Chism to exchange *Left Behind I* for *Left Behind II*. Because specific performance was ordered, the trial court declared the fraud claim moot.

---

promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

4

Appellants filed the instant appeal from the trial court's ruling.

## DISCUSSION

### Assignments of Error

Appellants assert the following assignments of error:

1. Whether the trial court erred by ordering the Estate of Sandy Chism to turn over *Left Behind II* when neither the estate, nor its representative was made a party to the litigation;

2. Whether the trial court erred in ordering specific performance of the written contract when different terms were agreed to by the parties;

3. Alternatively, whether the trial court erred in finding a valid contract when there was no meeting of the minds between the parties; and

4. Whether the trial court erred in failing to consider and failing to dismiss the fraud and detrimental reliance claims.

### Preliminary Matter

Before delving into Appellants' assignments of error, we take notice of a procedural error made by the trial court—the admission of parol evidence to prove the contents of the contract that is at issue. Louisiana Revised Statute 13:3721 ("the Dead Man statute") provides that parol evidence is not to be received to prove the debt or liability of a deceased person more than one (1) year after the death of the decedent.

> Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
> (1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;

5

(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;

(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or

(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.

La. R.S. Ann. § 13:3721.

Parol evidence refers to oral testimony, and documents outside of what is written within a document that is used as evidence to show intent or clarify what is written in the document. Black's Law Dictionary (11th ed. 2019). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046; *Tolar v. Tolar*, 639 So. 2d 399, 401 (La. App. 2 Cir 6/22/94) (citations omitted). "The meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parol evidence." La. C.C. Art. 1848; *Tolar*, 639 So. 2d at 401 (citing *Billingsley v. Bach Energy Corp.,* 558 So. 2d 786 2 (La. App. 2 Cir. 10/30/91)).

"The purpose of the 'Dead Man's Statute' is to protect the estate of decedents, their representatives, and heirs against stale and unfounded claims which might have been refuted or disproved by the testimony of the deceased were he living." *Succession of Bearden*, 27,007 (La. App. 2 Cir. 6/21/95), 658 So. 2d 746, 748, *writ denied*, 95-1901 (La. 11/3/95), 662 So. 2d 11. (citations omitted). The Dead Man Statute is not meant to end a case but to restrict the type of evidence that may be used. *Williams v. Collier*, 249 So. 2d 298, 301 (La. App. 1

6

Cir. 1971), *writ refused*, 259 La. 775, 252 So. 2d 669 (La. 1971).[5] In *Williams*, the plaintiff sought to have a sale of property rescinded because the sale was fraudulent. *Id*. at 299. The suit was filed more than a year after the death of the person to whom the property was sold. *Id*. The succession argued, in part, that no cause of action existed because any evidence offered is parol evidence. *Id*. at 300. The appellate court reinforced precedent that stated that the "Dead Man Statute" cannot be used to prove an exception of no cause of action. *Id*. at 300-301. The court reversed the trial court's sustaining the exceptions of no cause of action and prescription. *Id*. at 302. The case was remanded to the trial court for further proceedings. *Id*.

In the current case, Ms. Chism passed away on January 3, 2013, and the instant lawsuit was filed on April 25, 2014, more than a year after her passing.[6] The sales invoice at issue described the painting to be delivered as *Left Behind* measuring 30" x 40". The price, $3,000.00, was listed, and an inventory number was provided. A picture of the painting was also provided. There was no reason for the trial court to go beyond the four corners of the contract to determine the parties' intent. Any evidence to explain why the item described on the invoice would be different from the picture is limited to parol evidence, because the explanation is not provided within the four corners of the contract. This does not automatically end the case but rather limits the evidence the court may consider. Prescription has run regarding using parol evidence to determine the Estate's debts or liability. Accordingly, the trial court's use of parol evidence was an error of law.

---

[5] "The purpose of the statute is to restrict proof in such cases rather than to dismiss or defeat the action by way of exceptions of no cause or right of action or one of prescription."
[6] Ms. Chism is the only one who could explain the reasons for the difference between the photo and the painting delivered.

**Standard of Review**

In Louisiana,

> It is well-settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent *de novo* review of the record and determine a preponderance of the evidence. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts *de novo*.

*Adams v. Adams*, 2017-1030, 2018 WL 2234840, at *2 (La. App. 3 Cir. 5/16/18) (quoting *Evans v. Lungrin*, 97–0541, (La. 2/6/98), 708 So. 2d 731, 735 (citations omitted)).

## ANALYSIS

*Appellants' First Assignment of Error: Indispensable Party*

Appellants' first assignment of error is that the trial court rendered a judgment ordering specific performance against the Estate of Sandy Chism without the Estate or its representative being made a party to the case. Mr. Ferrara was viewed by the trial court as a mandatary[7] for the Estate. Appellants do not

---

[7] "A mandatary or agent may be defined as one who acts for in place of another person by authority from him." *Baker v. Purselley*, 411 So. 2d 553, 557 (La. App. 1 Cir. 1982) (citations omitted).

8

challenge this view, but rather insist that because the principal[8] is bound by the acts of the mandatary, the Estate should have been made a party to this case. We agree that the Estate should have been made a party to this case.

A principal is an indispensable party. *See Franklin Printing Co., Inc. v. Dorion*, 532 So. 2d 885, 887 (La. App. 5 Cir. 1988) (wherein the appellate court remanded the case to the trial court to determine whether the agency relationship was disclosed thus making the principal an indispensable party subject to joinder). The failure to join an indispensable party may be raised at any time, even by the trial or appellate court on its own motion. La. C. Civ. Pro. Art. 645; La. C. Civ. Pro. Art. 927B; *State Through Dep't of Highways v. Lamar Advert. Co. of Louisiana*, 279 So. 2d 671, 674 (La. 1973) (citations omitted).

Louisiana Code of Civil Procedure article 641 entitled, "Joinder of parties needed for just adjudication" provides the following:

> A person shall be joined as a party in the action when either:
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
> (a) As a practical matter, impair or impede his ability to protect that interest.
> (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

"The provisions on joinder of parties were amended to their present form by La. Acts 1995, No. 662, effective 15 August 1995. The amendment removed the terms 'necessary and indispensable parties' and inserted the concept of 'joinder of parties needed for just adjudication.'" *Two Canal Street Investors, Inc. v. New Orleans*

---

[8] A Principal is the person on whose behalf the mandatary acts. *See Pipeline Technology VI, LLC v. Ristroph,* 2007-1210, p. 5 (La. App. 1 Cir. 5/2/08), 991 So. 2d 1, 4.

*Building Corporation*, 2016-0825 (La. App. 4 Cir. 09/23/16), 202 So. 3d 1003, 1011 (citing *Fewell v. City of Monroe*, 43-281, p. 3 (La. App. 2 Cir. 6/11/08), 987 So. 2d 323, 325 (citations omitted).

"A person should be deemed to be needed for just adjudication only when absolutely necessary to protect substantial rights." *Id.* at 1012 (citations omitted). "Courts are to determine whether a party should be joined and whether the action should proceed if a party cannot be joined by a factual analysis of all the interests involved. *Id.* citing *Gibbs v. Magnolia Living Ctr., Inc.,* 38-184 p. 8 (La. App. 2 Cir. 4/7/04), 870 So. 2d 1111, 1116 (citation omitted).

In applying the aforementioned statutory and jurisprudential authorities to the present matter, we find that, based on the record before us, the Estate was a necessary party to the instant litigation. As the owner—and current corporeal possessor—of *Left Behind II*, the Estate has an interest in the subject matter of this case, i.e., the sale/exchange of the artworks and/or rescission of the initial contract. Further, complete relief cannot be granted to the parties in the absence of the Estate, because of the Estate's physical possession and/or ownership of *Left Behind II*. Moreover, the failure to join the Estate impedes its ability to protect its ownership interest in *Left Behind II*.

"When an appellate court recognizes that joinder of parties is required for proper adjudication of the matter, the appropriate course of action is to set aside the judgment at issue and remand the matter to the trial court for joinder of the absent [party] and a retrial of the case." *Succession of Pedescleaux,* [20]19-250, p. 4 (La. App. 5 Cir. 2/7/20) 290 So. 3d 749, 752 (citations omitted).

Based on the aforementioned, we find that the Estate is a necessary party to the instant matter and should have been joined in the lawsuit. Thus, Appellants'

10

first assignment of error is meritorious. Accordingly, we pretermit discussion of the remaining assignments of error.

## CONCLUSION

Based on the aforementioned, we vacate the ruling of the trial court and remand for a new trial.

**VACATED AND REMANDED**