815 So.2d 188 (2002)
Susan G. PIENO
v.
Tyrone BAILEY, Yolanda D. Stalbert, Virginia J. Morris, Elmo Morris, Jr. and Allstate Insurance Company.
No. 2001-CA-1688.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 2002.
*189 Larry C. Pieno, Marrero, LA, for Plaintiff/Appellee.
James L. Donovan, Jr., Donovan & Lawler, Metairie, LA, for Defendant/Appellant.
(Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, and Judge MICHAEL E. KIRBY).
MIRIAM G. WALTZER, Judge.
Defendant, Allstate Insurance Company, appeals a judgment against it awarding property damages in excess of the policy limits. The trial court awarded special damages in excess of an amount allowed by the insurance contract and in excess of an amount proven at trial.

HISTORY OF THE CASE AND STATEMENT OF FACTS
Susan Pieno was involved in a multiple vehicle accident. She sued the other drivers and their insurers. Allstate did not insure Pieno but insured another driver. Allstate did not admit liability. At trial, the parties entered into a stipulation regarding the authenticity of certain exhibits to establish the amount of certain items of special damages. After the trial in which Allstate remained the only defendant, the trial court found for Pieno and against Allstate and awarded both general and special damages. The award of special damages totaled $2,833.47. In its Reasons for Judgment, the trial court explained that Pieno "lost six half days and one full day from work, was required to rent a car, and to pay the deductible for repair of her vehicle." After rendition of the judgment, Allstate moved for a new trial or alternatively amendment of the judgment to reduce the award of special damages. Allstate argued that the trial court erred in awarding any amount for property damage, since Allstate had exhausted its policy *190 limits for property damage at the time of trial. The trial court denied the motion. Allstate appeals, contesting any award for property damage and urging this court to correct a $90 error in calculation by the trial court, regarding expenses for physical therapy.

DISCUSSION
Allstate does not appeal the finding of liability or the award of general damages. Moreover, the company does not contest the award of special damages. Allstate makes two arguments: (1) the trial court erred in awarding any amount for property damage, since at the time of trial Allstate had exhausted its policy limits, totaling $10,000, and (2) the trial court erred in calculating its award of special damages for physical therapy services, since the exhibits to which the parties stipulated to prove the amount reflected payment of $205.00 as opposed to the $295.00 awarded by the trial court.
At the time of trial, Allstate had exhausted its policy limits for property damage. The company had paid in excess of $10,000, which amount constituted the limit for property damage under the policy at issue. Pieno does not dispute these facts.
Where there are multiple claims arising out of an accident, the liability insurer, in entering compromise settlements under the policy, may exhaust its policy limits, thus leaving one or more injured parties with little or no recourse against the insurer. Carter v. Harrison, 96-0627 (La.App. 4 Cir. 11/27/96), 684 So.2d 546, 548, quoting Richard v. Southern Farm Bureau Casualty Ins. Co., 254 La. 429, 223 So.2d 858, 861 (1969). Pieno concedes that the trial court erred by making any award for property damage.
Pieno argues that the trial court's award of special damages in its judgment did not include an award of property damage, since the trial court did not delineate the items awarded as special damages. We find appellee's arguments both unpersuasive and misleading. Although the trial court failed to specify in the judgment the amount awarded for special damages, her reasons for judgment expressly provide that the award involves amounts for property damage. Moreover, as explained in both Pieno's and Allstate's brief, special damages for non-property damage totaled $1,224.00, but the trial court awarded Pieno $2,833.47. The record is clear that the trial court erred in awarding Pieno special damages in excess of those nonproperty damage items, including medical expenses and lost wages.
We are as equally unimpressed with Pieno's arguments concerning the discrepancy between the amount awarded for expenses related to her physical therapy and the amount of such therapy as reflected in the bills introduced at trial. Clearly, the trial court mistakenly awarded $295.00, instead of the amount reflected on the exhibits, $205.00. Pieno argues that Allstate stipulated to the $295.00 amount. However, the only stipulation concerned the authenticity of the records. The exhibits clearly reflect that Pieno incurred $205.00 in expenses related to physical therapy. Pieno argues that she testified that she incurred $295.00 and that Allstate did not dispute this testimony. However, the testimony is clear that Pieno was relying on what we can only assume was her attorney's mistake of the amount. Her testimony refers to the exhibits as proof of the amount incurred for physical therapy. Moreover, Pieno's own exhibits disprove this testimony. The exhibits evidence only $205.00 in physical therapy expenses, not the $295.00 awarded by the trial court.

CONCLUSION
For the above reasons, we reverse, in part, the judgment of the trial court and *191 amend the judgment to reduce the award of special damages to $1,224.00.
REVERSED, IN PART, AND AMENDED.