983 So.2d 172 (2008)
George OLIVER and Alfred Oliver
v.
IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY, State Farm Mutual Automobile Insurance Company and Noah Crockett.
Barbara Crockett and Shantel Phelps Individually and on Behalf of Timeka Phelps
v.
George Oliver and State Farm Mutual Automobile Insurance Company.
Nos. 2007-CA-0885, 2007-CA-0886.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2008.
*173 Byron A. Richie, Paul D. Oberle, Jr., Richie, Richie & Oberle, L.L.P., Shreveport, LA, for Imperial Fire & Casualty Insurance Company.
Stephen P. Bruno, Bruno & Bruno, New Orleans, LA, for Barbara Crockett and Shantel Phelps, Individually and on Behalf of Timeka Phelps.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
This appeal arises from a multi-car accident with multiple injuries. The injured parties filed suit, all of whom settled except for two. The two remaining plaintiffs filed suit alleging that Imperial Fire and Casualty Insurance Company schemed to prevent them from receiving adequate recovery. The trial court awarded judgments in excess of the policy limits and found Noah Crockett liable for causing the accident. Imperial Fire and Casualty Insurance Company appeals the trial court's judgment asserting that the trial court erred in awarding excess damages and by finding Noah Crockett liable for the accident. We find that the trial court erred as to damages and affirm as amended.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
George Oliver ("George"), the driver of his automobile, and Alfred Oliver ("Alfred"), George's passenger (collectively the "Olivers"), were traveling on Ursuline Street when their automobile collided with another automobile containing Noah Crockett ("Mr. Crockett"), the driver, Barbara Crockett ("Mrs. Crockett"), his wife, and Timeka Phelps ("Timeka"), the Crocketts' granddaughter. As a result, all parties allegedly sustained injuries. Both Mr. Crockett and George claimed to have the green light.
*174 The Olivers filed suit against Imperial Fire and Casualty Insurance Company ("Imperial"), which insured Mr. Crockett. Mrs. Crockett and Shantel Phelps ("Ms. Phelps"), on behalf of her daughter Timeka, filed suit against State Farm Mutual Automobile Insurance Company ("State Farm") as George's insurer and the uninsured motorist insurance provider. Imperial filed a reconventional demand against George and State Farm. The trial court then consolidated both lawsuits.
The trial court granted the Olivers' request for a dismissal of State Farm and Alfred's claims against George with prejudice. Additionally, the trial court dismissed Mrs. Crockett and Ms. Phelps' claims against George and State Farm, with prejudice, due to settlement. Once Mrs. Crockett and Ms. Phelps settled with State Farm, Mr. Crockett testified that he disregarded the red light, causing the accident.
Imperial's policy for Mr. Crockett had a $10,000 limit per person and $20,000 limit per accident. The Olivers claims were settled with Imperial and Mr. Crockett for $16,000 prior to trial, leaving $4,000 remaining on the policy limits for Mrs. Crockett and Ms. Phelps, the remaining plaintiffs.
Following a bench trial, the trial court found for Mrs. Crockett in the amount of $40,000 for general damages and $6,318.17 for medical expenses. As to Ms. Phelps, the trial court awarded $5,000 for general damages and $1,537.28 in medical expenses. The trial court ordered both awards reduced by the amount of the settlements agreed upon by State Farm. Imperial appeals asserting that the trial court erred in determining that Mr. Crockett was liable in the accident and for awarding excessive judgments.

STANDARD OF REVIEW
Appeals courts review factual findings made by the trier of fact using the manifest error/clearly wrong standard. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Reviewing and reversing the determinations made by the factfinder requires that the appellate court find that a reasonable basis for the prior findings is lacking and that the prior findings are clearly wrong or manifestly erroneous after a review of the record. Stobart v. State, Through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993). Live witnesses are better evaluated by the trial court. Canter v. Koehring Co., 283 So.2d 716, 724 (La. 1973). "[T]he appellate court must determine if the factfinder's decision was a reasonable one." Norfleet v. Lifeguard Transp. Serv., Inc., 05-0501, p. 5 (La. App. 4 Cir. 5/17/06), 934 So.2d 846, 852. "[W]here two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart, 617 So.2d at 883.
The trial court is vested with great discretion when awarding damages. Miller v. LAMMICO, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711. "An appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion." Id. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993).

FAULT
Imperial avers that the trial court erred by finding that Mr. Crockett was liable for causing the accident. Mr. Crockett testified that he disregarded the red *175 light at the intersection, which caused the accident. No evidence was presented to demonstrate negligence on the part of George. Accordingly, we find that the trial court did not err by finding that Mr. Crockett was "solely responsible" for the accident.

SETTLEMENT
Imperial asserts that the trial court erred in awarding Mrs. Crockett and Ms. Phelps damages in excess of the policy limits, dependent upon the amount of their State Farm settlements.
"In the absence of bad faith, a liability insurer generally is free to settle or to litigate at its own discretion, without liability to its insured for a judgment in excess of the policy limits." Smith v. Audubon Ins. Co., 95-2057 (La.9/5/96), 679 So.2d 372, 376. Settlements are favored under Louisiana law, which means that "the amount for which the insured tortfeasors may be held liable is ultimately reduced where the policy limits are insufficient to cover the total damages." Richard v. S. Farm Bureau Cas. Ins. Co., 223 So.2d 858, 860-61 (La.1969). This Court held that:
[w]here there are multiple claims arising out of an accident, the liability insurer, in entering compromise settlements under the policy, may exhaust its policy limits, thus leaving one or more injured parties with little or no recourse against the insurer.
Pieno v. Bailey, 01-1688, p. 2 (La.App. 4 Cir. 3/20/02), 815 So.2d 188, 190.
In the case sub judice, Mr. Crockett and George claimed to have had the green light. However, once Mrs. Crockett and Ms. Phelps settled with State Farm, Mr. Crockett admitted at his deposition that he ran the red light and caused the accident. On May 8, 2006, Imperial faxed a settlement offer to Frank Buck ("Attorney Buck"), the Olivers' attorney, and to Stephen Bruno ("Attorney Bruno"), Mrs. Crockett and Ms. Phelps' attorney, offering to pay the maximum policy limits. This settlement offer was discussed during the March 23, 2006 settlement conference with the trial court judge. The fax indicated that Attorney Buck and Attorney Bruno were to agree upon the appropriate share of the $20,000 limit by May 12, 2006, at 8:00 a.m. The first day of the bench trial was May 17, 2006.
Mrs. Crockett and Ms. Phelps contend that the trial court used public policy to "ignore" the Olivers' settlements. However, absent a finding of bad faith, this Court is devoid of jurisprudence permitting such a finding. Neither the trial court's judgment nor reasons for judgment indicate a finding of bad faith on the part of Imperial. Thus, according to Pieno, Imperial had a right to settle with the Olivers, leaving $4,000 of the policy limits. Therefore, we find that the trial court erred in awarding judgments in excess of the remaining policy limit against Imperial and reduce the award to Mrs. Crockett and Ms. Phelps to $4,000 total. The trial court awarded Ms. Phelps one-seventh of the amount awarded to her grandmother. Accordingly, we apportion the award as follows: $571.43 to Ms. Phelps and $3,428.57 to Mrs. Crockett.

DECREE
Accordingly, for the reasons stated above, we find that the trial court erred as to the amount of general damage awards and reduce Mrs. Crockett and Ms. Phelps' awards to $4,000 total. We affirm the trial court's finding of fault on behalf of Mr. Crockett.
AMENDED; AFFIRMED AS AMENDED.